IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE
**GARY S. KATZMANN, JUDGE, TIMOTHY REIF, JUDGE, JANE A. RESTANI, JUDGE**

| | |
|---|---|
| AGS COMPANY AUTOMOTIVE SOLUTIONS AND CONSOLIDATED PLAINTIFFS<br><br>Plaintiffs,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA<br><br>Defendants. | Consol. Court No. 25-00255 |

**PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

**I.   INTRODUCTION**

Pursuant to Rule 65(a) AGS Company Automotive Solutions, on behalf of itself and the consolidated plaintiffs in this action ("Plaintiffs"), respectfully moves this Court for a preliminary injunction suspending liquidation of certain entries for which tariffs have been imposed under the International Emergency Economic Powers Act ("IEEPA"). Unless liquidation is suspended, Plaintiffs' entries will liquidate imminently in the ordinary course, potentially jeopardizing their right to a complete recovery while this case is pending. In the meantime, however, preliminary injunctive relief is essential to preserve Plaintiffs' ability to obtain meaningful judicial review and to prevent liquidation from potentially precluding their claims. The preliminary injunction requested by this motion is narrowly tailored and imposes

1

minimal administrative burden on the government. By this motion, Plaintiffs seek merely to preserve the status quo.

The entries that are the subject of this motion are for goods for which Plaintiffs paid preliminary duties as a result of one of five executive orders directing modifications to the Harmonized Tariff Schedule of the United States ("HTSUS") to implement those duties:

- Executive Order No. 14193, Imposing Duties to Address the Flow of Illicit Drugs Across Our Northern Border, 90 Fed. Reg. 9,113 (Feb. 1, 2025);
- Executive Order No. 14194, Imposing Duties to Address the Situation at Our Southern Border, 90 Fed. Reg. 9,117 (Feb. 1. 2025);
- Executive Order No. 14195, Imposing Duties to Address the Synthetic Opioid Supply Chain in the People's Republic of China, 90 Fed. Reg. 9,121 (Feb. 1, 2025);
- Executive Order No. 14257, Regulating Imports With a Reciprocal Tariff To Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits, 90 Fed. Reg. 15,041 (Apr. 2, 2025); and
- Executive Order No. 14266, Modifying Reciprocal Tariff Rates To Reflect Trading Partner Retaliation and Alignment, 90 Fed. Reg 15,625 (Apr. 9, 2025).

These executive orders, inclusive of amendments to them, referred to in this motion as the "IEEPA Tariff Orders," were held by the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") to be unlawful. *See V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025), *cert. granted*, No. 25-250, 2025 WL 2601020 (U.S. Sept. 9, 2025). The Federal Circuit, affirming the U.S. Court of International Trade, held that IEEPA's grant of presidential authority to "regulate" imports does not authorize the tariffs imposed by these orders. The U.S. Supreme Court granted *certiorari* in both *V.O.S. Selections* and a similar case arising from the U.S. District Court for the District of Columbia, *Learning Res., Inc. v. Trump*, 784 F. Supp. 3d 209 (D.D.C. 2025), *cert. granted before judgment*, No. 24-1287, 2025 WL 2601021 (U.S. Sept. 9, 2025), and heard oral argument on November 5, 2025. The Supreme Court's decision will presumably decide for all stakeholders whether the tariffs imposed by these orders are lawful.

But there remains the question of remedy, not only for the plaintiffs in those lead cases, but also for the consolidated Plaintiffs who have paid IEEPA duties to the United States as a result of the same executive orders. If those duties are held to be unlawful, Plaintiffs are entitled to a refund.

## II.  RELEVANT FACTS

- All named Plaintiffs in the consolidated actions are importers of record who paid tariffs subject to this action.

- Plaintiffs have made imports subject to the challenged duties under HTS codes in Exhibit A.

- Plaintiffs have paid estimated duties assessed and collected by the U.S. Customs and Border Protection ("CBP") pursuant to the IEEPA Tariff Orders and their corresponding modifications to the HTSUS. *Id.* ¶ ---.

- The entries for which Plaintiffs have paid duties pursuant to the IEEPA Tariff Orders will begin to liquidate on or after December 15, 2025. *Id.* ¶ ---.

As required by Rule 7(f) of this Court, undersigned counsel consulted with counsel for Defendants at the U.S. Department of Justice, seeking consent to this motion. Defendants oppose a preliminary injunction.  However, Plaintiffs and the U.S. Department of Justice are currently reviewing the parameters of a possible stipulation regarding the ultimate disposition of IEEPA tariff payments made by Plaintiffs while the matter is outstanding with the Supreme Court.  As of the date of this filing, no agreement has been reached on that stipulation. Plaintiffs shall update this court with the status of that discussion within five business days of this filing.

The entries for which Plaintiffs sees preliminary injunctive relief from this Court are those entries made under the HTS codes set out in Exhibit A under each named Plaintiff's

importer number.[1] Plaintiffs are prepared to support the assertions made in this motion at an evidentiary hearing or through supplemental submissions, and will make themselves available to be heard through counsel, as the Court deems appropriate and helpful to its consideration and disposition of this motion.

### III. LEGAL STANDARD

A preliminary injunction is an "extraordinary remedy," but one that is available where warranted under the familiar four-part test: (1) likelihood of success on the merits; (2) irreparable harm absent relief; (3) balance of hardships; and (4) the public interest. *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008). This Court has authority to grant such relief under 28 U.S.C. §§ 1585 and 2643(c)(1). This Court has previously granted preliminary injunctive relief in the form of suspending liquidation. *See*, *e.g.*, *In re Section 301 Cases*, 524 F. Supp. 3d 1355, 1372 (Ct. Int'l Trade 2021).

### IV. THE COURT SHOULD ENTER A PRELIMINARY INJUNCTION SUSPENDING LIQUIDATION OF PLAINTIFF'S ENTRIES SUBJECT TO IEEPA TARIFFS

Plaintiffs seek this limited relief as a protective measure to safeguard their interests in the event the Supreme Court affirms the Federal Circuit's holding that the IEEPA Tariff Orders are unlawful. As discussed below, if the duties paid by Plaintiffs are allowed to liquidate, Plaintiffs might face irreparable harm as a matter of law. It is in the interest of justice that this Court not allow this to happen.

---

[1] Exhibit A applies to all of the plaintiffs in the consolidated cases. For purposes of implementing the preliminary injunction, undersigned counsel intends to provide a comprehensive list of Plaintiffs' Importer of Record numbers under seal..

### A. Plaintiffs are likely to succeed on the merits.

As noted above, Plaintiffs have paid duties to the United States stemming from the IEEPA Tariff Orders, and the entries for which those duties have been paid will begin liquidating on or about December 15, 2025. Plaintiffs' claims replicate those adjudicated in *V.O.S. Selections, Inc. v. United States*, where the Court of International Trade (CIT) held that the President's imposition of IEEPA tariffs exceeded his statutory authority.) *V.O.S. Selections, Inc. v. Donald J. Trump*, 772 F. Supp. 3d. 1350, 1383 (Ct. Int'l Trade 2025). On appeal, the Federal Circuit affirmed the CIT's merits determination. *V.O.S. Selections, Inc. v. Donald J. Trump et al*, 149 F.4th 1312 (Fed. Cir. 2025).

Although the Supreme Court will have the last word, as of the filing of this motion, the Federal Circuit's decision in *V.O.S.* is *stare decisis* for the CIT. The relief sought in this case relates to the same executive orders that were held in *V.O.S. Selections* to be unlawful, the preliminary relief sought by *this motion* is likewise limited to entries for which estimated duties were paid as a result of one or more of the five executive orders that were the subject of *V.O.S. Selections*, *i.e.*, the five IEEPA Tariff Orders identified above in the Introduction section of this motion. Accordingly, unless and until the Supreme Court decides otherwise, Plaintiffs are likely to succeed on the merits under the rule of *stare decisis*.

### B. Liquidation of Plaintiffs' entries poses a substantial risk of irreparable harm.

The Federal Circuit has long recognized that liquidation constitutes irreparable harm. In *Zenith Radio Corp. v. United States*, 710 F.2d 806, 810 (Fed. Cir. 1983), the court held that once entries are liquidated, "the duties cannot be recovered through subsequent litigation" and the importer's "only remedy would be eliminated."

Furthermore, Plaintiffs anticipate that Defendants may contend with respect to CBP's collection of tariffs subject to the IEEPA Tariff Orders that CBP acts in a purely ministerial capacity (*i.e.*, without discretion), such that the liquidation of an entry subject to an IEEPA duty cannot be protested. See 19 U.S.C. § 1514; *see also Rimco Inc. v. United States*, 98 F.4th 1046, 1053 (Fed. Cir. 2024); *Shinyei Corp. of Am. v. United States,* 355 F.3d 1297, 1311 (Fed. Cir. 2004)("Shinyei").

Finally, the Federal Circuit has stated that liquidation functions as a point of no return, leaving importers without an effective remedy, *even when the legality of the underlying tariff is subject to doubt. See Target Corp. v. United States*, 134 F.4th 1307, 1316 (Fed. Cir. 2025); *see also In re Section 301 Cases*, 524 F. Supp. 3d 1355, 1365-66 (Ct. Int'l Trade 2021).

To be sure, the Federal Circuit held in *Shinyei* that where a liquidation was caused by the decision-making of someone other than CBP and challenged as unlawful under the Administrative Procedure Act, the fact of liquidation did not preclude this Court from granting relief as part of its "broad remedial powers." 355 F.3d at 1312. Be that as it may, a majority of the 3-judge panel of this Court in the *In re Section 301 Cases*, citing later Federal Circuit decisions, cast substantial doubt upon the continuing availability of so-called "*Shinyei* relief" outside the specific context of that case. 524 F. Supp. 3d at 1365-66. And while more recent holdings of the Court of International Trade confirm the Court's equitable authority to order reliquidation, *see, e.g., Solar Energy Industries Ass'n v. United States*, No. 20-cv-03941-GSK, Dkt. 79 (May 8, 2025), slip op. 25-57 at 13, 15, this body of case law leaves Plaintiff, as a prudential matter, with no choice but to file this motion for preliminary injunctive relief. Under the case law of the Federal Circuit, liquidation poses a meaningful risk of irreparable harm.

Given that liquidation may begin for Plaintiffs as early as December 15, and given the law of this Court and the Federal Circuit that liquidation potentially has preclusive effect on the ability to obtain a refund and, as a general rule, serves to moot a plaintiff's claim as to any liquidated entries, there is no question Plaintiffs face potential irreparable harm if its duties are allowed to liquidate.

## C. The balance of hardships favors Plaintiffs.

The hardships weigh heavily in Plaintiffs' favor. Plaintiffs face the loss of their rights to complete relief if liquidation proceeds. By contrast, Defendants face only the modest burden of suspending liquidation for a limited period of time—an administrative function CBP performs routinely in antidumping, countervailing duty, and other trade contexts. Plaintiffs seek preliminary relief from liquidation for those entries for which duties were imposed by the five executive orders that the Federal Circuit has already held to be unlawful. A modest delay in liquidation while the Supreme Court considers the legality of the underlying duties poses a negligible burden on Defendants.

And of course, if Defendants agree that refunds will be paid absent an injunction, and without regard to liquidation status, they can stipulate to that effect or agree to extend liquidation of their own accord. *See* 19 U.S.C. § 1504(b)(2) and 19 C.F.R. § 159.12(a)(1)(ii). For example, in *V.O.S. Selections*, Defendants, in moving to stay this Court's preliminary injunction order, agreed that "plaintiffs will assuredly receive payment on their refund with interest" if plaintiffs are to prevail in that case. *See* No. 25-00066, Dkt. 59, at 8. They could agree or stipulate to the same thing here, specifically that Plaintiffs will receive full refunds, with interest, irrespective of liquidation status, and that the government will be estopped from contending otherwise, if the Supreme Court holds that the IEEPA Tariff Orders are unlawful and this Court orders that

7

Plaintiffs are entitled to a refund. Absent any such agreement or stipulation, Plaintiffs are entitled to preliminary injunctive relief. *E.g.*, *In re Section 301 Cases*, 524 F. Supp. 3d at 1372.

### D. The public interest strongly supports preliminary injunctive relief.

The public interest is overwhelmingly served by suspending liquidation of entries for goods for which the tariffs paid have already been held unlawful by the Federal Circuit. Allowing liquidation to proceed would undercut judicial review and risk permitting unlawful duties to become permanent. Courts have consistently recognized that ensuring lawful compliance in the exercise of delegated trade powers is a matter of the highest public importance.

To permit unlawful tariffs to take final effect today would betray the very principles that gave rise to this Court's jurisdiction. The public interest is best served when unlawful duties are suspended until courts can complete their review.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion for a preliminary injunction suspending liquidation of Plaintiffs entries for which duties were paid pursuant to the IEEPA Tariff Orders, in accordance with the proposed order submitted herewith.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  |  |
| Dated: November 20, 2025 | /s/ Daniel Cannistra |
|  | Daniel Cannistra |
|  | John B. Brew |
|  | Daniel Wolff |
|  | Aaron Marx |
|  | Valerie Ellis |
|  | CROWELL & MORING LLP |
|  | 1001 Pennsylvania Avenue, NW |
|  | Washington, DC 20004 |
|  | Tel. (202) 624-2902 |
|  | dcannistra@crowell.com |
|  |  |
|  | *Counsel for Plaintiffs* |

# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE
## GARY S. KATZMANN, JUDGE, TIMOTHY REIF, JUDGE, JANE A. RESTANI, JUDGE

| | |
|---|---|
| AGS COMPANY AUTOMOTIVE SOLUTIONS AND CONSOLIDATED PLAINTIFFS<br><br>                        Plaintiffs,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA<br><br>                        Defendants. | Consol. Court No. 25-00255 |

### [PROPOSED] ORDER

Upon consideration of Plaintiffs' Motion for a Preliminary Injunction it is hereby: ORDERED that Plaintiffs motion is GRANTED; and it is further

ORDERED that Defendants, including the US government agency U.S. Customs and Border Protection ("CBP"), and its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, are ENJOINED from liquidating any entries on which duties were assessed and paid by Plaintiffs under the HTS numbers attached to this motion, pending final judgment in this action; and it is further,

ORDERED that this preliminary injunction shall remain in effect until dissolved or modified by order of this Court; and it is further

ORDERED that the parties shall promptly advise the Court of any decision of the Supreme Court or other controlling authority affecting the legality of the duties at issue.

SO ORDERED.

Dated: _____, 2025

    New York, New York

_____

Judge, U.S. Court of International Trade

**EXHIBIT A**
**HTS CODES**

| HTS | Duty Rate | Executive Order |
|---|---|---|
| 9903.01.24 | Duty rate in the applicable subheading +20% | Executive Order 14195, China |
| 9903.01.20 | The duty provided in the applicable subheading + 10% | Executive Order 14195, China |
| 9903.01.01 | The duty provided in the applicable subheading + 25% | Executive Order 14194, Mexico |
| 9903.01.05 | The duty provided in the applicable subheading + 10% | Executive Order 14194, Mexico |
| 9903.01.10 | The duty provided in the applicable subheading + 25% | Executive Order 14193, Canada |
| 9903.01.13 | The duty provided in the applicable subheading + 10% | Executive Order 14193, Canada |
| 9903.01.15 | The duty provided in the applicable subheading + 10% | Executive Order 14193, Canada |
| 9903.01.25 | The duty provided in the applicable subheading + 10% | Executive Order 14257, Reciprocal |
| 9903.01.43 | The duty provided in the applicable subheading + 11% | Executive Order 14257, Reciprocal |
| 9903.01.44 | The duty provided in the applicable subheading + 13% | Executive Order 14257, Reciprocal |
| 9903.01.45 | The duty provided in the applicable subheading + 14% | Executive Order 14257, Reciprocal |
| 9903.01.46 | The duty provided in the applicable subheading + 15% | Executive Order 14257, Reciprocal |
| 9903.01.47 | The duty provided in the applicable subheading + 16% | Executive Order 14257, Reciprocal |
| 9903.01.48 | The duty provided in the applicable subheading + 17% | Executive Order 14257, Reciprocal |
| 9903.01.49 | The duty provided in the applicable subheading + 18% | Executive Order 14257, Reciprocal |
| 9903.01.50 | The duty provided in the applicable subheading + 20% | Executive Order 14257, Reciprocal |
| 9903.01.51 | The duty provided in the applicable subheading + 21% | Executive Order 14257, Reciprocal |
| 9903.01.52 | The duty provided in the applicable subheading + 22% | Executive Order 14257, Reciprocal |
| 9903.01.53 | The duty provided in the applicable subheading + 24% | Executive Order 14257, Reciprocal |
| 9903.01.54 | The duty provided in the applicable subheading + 25% | Executive Order 14257, Reciprocal |

| | | |
|---|---|---|
| 9903.01.55 | The duty provided in the applicable subheading + 26% | Executive Order 14257, Reciprocal |
| 9903.01.56 | The duty provided in the applicable subheading + 27% | Executive Order 14257, Reciprocal |
| 9903.01.57 | The duty provided in the applicable subheading + 28% | Executive Order 14257, Reciprocal |
| 9903.01.58 | The duty provided in the applicable subheading + 29% | Executive Order 14257, Reciprocal |
| 9903.01.59 | The duty provided in the applicable subheading + 30% | Executive Order 14257, Reciprocal |
| 9903.01.60 | The duty provided in the applicable subheading + 31% | Executive Order 14257, Reciprocal |
| 9903.01.61 | The duty provided in the applicable subheading + 32% | Executive Order 14257, Reciprocal |
| 9903.01.62 | The duty provided in the applicable subheading + 33% | Executive Order 14257, Reciprocal |
| 9903.01.63 | The duty provided in the applicable subheading + 34% | Executive Order 14257, Reciprocal |
| 9903.01.64 | The duty provided in the applicable subheading + 35% | Executive Order 14257, Reciprocal |
| 9903.01.65 | The duty provided in the applicable subheading + 36% | Executive Order 14257, Reciprocal |
| 9903.01.66 | The duty provided in the applicable subheading + 37% | Executive Order 14257, Reciprocal |
| 9903.01.67 | The duty provided in the applicable subheading + 38% | Executive Order 14257, Reciprocal |
| 9903.01.68 | The duty provided in the applicable subheading + 39% | Executive Order 14257, Reciprocal |
| 9903.01.69 | The duty provided in the applicable subheading + 40% | Executive Order 14257, Reciprocal |
| 9903.01.70 | The duty provided in the applicable subheading + 41% | Executive Order 14257, Reciprocal |
| 9903.01.71 | The duty provided in the applicable subheading + 44% | Executive Order 14257, Reciprocal |
| 9903.01.72 | The duty provided in the applicable subheading + 46% | Executive Order 14257, Reciprocal |
| 9903.01.73 | The duty provided in the applicable subheading + 47% | Executive Order 14257, Reciprocal |
| 9903.01.74 | The duty provided in the applicable subheading + 48% | Executive Order 14257, Reciprocal |
| 9903.01.75 | The duty provided in the applicable subheading + 49% | Executive Order 14257, Reciprocal |
| 9903.01.76 | The duty provided in the applicable subheading + 50% | Executive Order 14257, Reciprocal |