# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE
## GARY S. KATZMANN, JUDGE, TIMOTHY REIF, JUDGE, JANE A. RESTANI, JUDGE

| | |
|---|---|
| AGS COMPANY AUTOMOTIVE SOLUTIONS, et al.<br><br>      Plaintiffs,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA<br><br>      Defendants. | Consol. Court. No. 25-00255 |

## PLAINTIFFS' MOTION FOR HEARING
## CONCERNING THE MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Rules 1, 3(g), 7, and 65(e) of this Court, Plaintiffs respectfully move for the scheduling of a hearing on their Motion for Preliminary Injunction (ECF No. 10). Plaintiffs submit this motion to assist the Court in determining the earliest possible date for argument in light of the approaching liquidation of certain entries.

Rule 65(e) provides that motions for temporary or preliminary injunctive relief, "will be given precedence over other matters pending before the court and expedited in every way." Plaintiffs recognize and appreciate that the operation of this rule seeks to ensure that the Court has an opportunity to consider the issues raised in the pending motion before liquidation occurs.

Since the filing of Plaintiffs' Motion for Preliminary Injunction, counsel for Plaintiffs and counsel for the United States have engaged in sustained, good-faith discussions regarding a potential stipulation that might have obviated the need for judicial involvement at this time.

Despite those efforts, the parties have been unable to reach agreement. Given the impasse which the parties now face, a hearing is necessary in order for the issue presented in Plaintiffs' preliminary injunction motion to be fully examined and resolved by this Court. With liquidation dates approaching, Plaintiffs respectfully request that the Court set a hearing at the earliest date convenient for the Court. Plaintiffs are available to participate either in person or by remote video conference should that be more convenient for the Court.

**BASIS FOR REQUEST**

Plaintiffs understand that the Court already gives priority to motions for preliminary injunctive relief under Rule 65(e). Plaintiffs submit this motion to assist in setting a hearing date that will permit orderly consideration of the issues presented before liquidation occurs.

As reflected in Plaintiffs' filings, liquidation of entries is expected in the near term. A hearing in the timeframe proposed would allow the Court to consider the parties' arguments before routine liquidation renders the issues more difficult to address. Maintaining the status quo during the pendency of Plaintiffs' claims is consistent with longstanding practice in trade cases and avoids the significantly greater administrative burden associated with undoing liquidation at a later stage. A hearing conducted in person or by remote video conference at the Court's convenience would allow for orderly presentation of the issues before liquidation occurs.

Plaintiffs consulted with Defendants on December 9 and 10, 2025, regarding this motion for hearing, and Defendants conveyed through counsel that their position should be represented as follows:

*"Defendant, as always, defers to the Court on the need for oral argument, but notes that the issue can easily be resolved on the papers because defendants do not object to the Court's authority to order reliquidation of plaintiffs' entries, nor will defendants object to a final and unappealable court decision ordering reliquidation of plaintiffs' entries, if the challenged IEEPA*

2

*duties are held to be unlawful in a final and unappealable decision. If the Court wishes to hold argument, defendants respectfully request that the argument be held January 8 or 9, 2026, to account for holiday schedules."*

In conferring on this motion, and in consideration of Defendants' representation as quoted in the above paragraph, Plaintiffs asked if Defendants would consent to a time-limited injunction order from this Court—specifically, until the Court has had time to hold a hearing and rule on the Motion for Preliminary Injunction—or, alternatively, if Defendant U.S. Customs and Border Protection would extend liquidation under its own regulatory authority until the Court rules on the motion for preliminary injunction. (As of this filing, Defendants have acknowledged these alternative proposals but not conveyed a substantive position on either.) Plaintiffs submit that Defendants' position (as represented in the italicized paragraph above) on this motion only serves to highlight the importance of the Court scheduling a hearing (or otherwise issuing a temporary order suspending liquidation) as early as possible.

**CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court schedule a hearing on Plaintiffs' Motion for Preliminary Injunction at the earliest date convenient for the Court, including as early as Monday, December 15, or any date during that week through December 19. Plaintiffs note their availability for an in-person or remote video hearing on all such dates.

                Respectfully submitted,

                /s/ Aaron Marx_____
                Daniel Cannistra
                John Brew
                Daniel W. Wolff
                Robert LaFrankie
                Aaron Marx
                Valerie Ellis
                Oluwagbohunmi Simeon Yerokun

                CROWELL & MORING LLP
                1001 Pennsylvania Avenue, NW
                Washington, DC 20004
                Tel. (202) 624-2751
                rlafrankie@crowell.com

                *Counsel for Consolidated Plaintiffs*

Dated: December 11, 2025

| | |
|---|---|
| AGS COMPANY AUTOMOTIVE SOLUTIONS, et al<br><br>     Plaintiffs,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA<br><br>     Defendants. | Consol. Court. No. 25-00255 |

## **PROPOSED ORDER**

**UPON CONSIDERATION** of Plaintiffs' Motion for a Hearing concerning Plaintiffs' Motion for a Preliminary Injunction and pursuant to USCIT Rule 65(e), and all other papers and proceedings herein, it is hereby

**ORDERED** that the motion is granted; and it is further

**ORDERED** that a hearing concerning Plaintiffs' Motion for a Preliminary Injunction is scheduled for December __, 2025.

Dated: _____           _____
   New York, New York                 Judge