**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE
THE HONORABLE TIMOTHY M. REIF, JUDGE
THE HONORABLE JANE A. RESTANI, JUDGE

|  |  |
|---|---|
| AGS COMPANY AUTOMOTIVE SOLUTIONS AND CONSOLIDATED PLAINTIFFS,<br><br>            Plaintiffs,<br><br>      v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION, et al.,<br><br>            Defendants. | Consol. Court No. 25-00255 |

# ORDER

Upon consideration of plaintiffs' motion for a preliminary injunction, defendants' response thereto, and all other pertinent papers, it is hereby

ORDERED that plaintiffs' motion for a preliminary injunction is DENIED.

Dated:_____          _____
     New York, New York                                  JUDGE

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:    THE HONORABLE GARY S. KATZMANN, JUDGE
                THE HONORABLE TIMOTHY M. REIF, JUDGE
                THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| AGS COMPANY AUTOMOTIVE SOLUTIONS AND CONSOLIDATED PLAINTIFFS, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER PROTECTION, et al., <br><br> Defendants. | Consol. Court No. 25-00255 |

**DEFENDANTS' RESPONSE IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Consolidated plaintiffs are various companies that challenge the imposition of tariffs under the International Emergency Economic Powers Act (IEEPA). Their complaints seek invalidation of the tariffs and refunds of any amounts paid pursuant to the challenged IEEPA orders, under 28 U.S.C. § 1581(i), and are substantially similar to complaints in *V.O.S. Selections Inc. v. Trump*, No. 25-00066, and *The State of Oregon v. Trump*, No. 25-00077, currently before the Supreme Court. Plaintiffs now seek a preliminary injunction to suspend liquidation of their entries. Defendants, U.S. Customs and Border Protection (CBP), CBP Commissioner Rodney Scott, and the United States, respectfully oppose the request because they have repeatedly assured plaintiffs and this Court that they will not oppose or object to the Court's authority to order reliquidation of plaintiffs' subject entries of merchandise, or to a final decision ordering reliquidation of plaintiffs' subject entries, should the Supreme Court hold the IEEPA duties at

issue unlawful. As defendants stipulated in a related action, the purpose of this assurance is so that plaintiffs may obtain judicial relief in the event of a final decision finding the IEEPA duties unlawful, while at the same time maintaining a streamlined and administrable procedure for CBP.

In light of defendants' unequivocal position, the key premise of plaintiffs' motion for preliminary injunction dissolves. Plaintiffs' arguments on irreparable harm, balance of the hardships, and public interest all hinge on the idea that without a preliminary injunction suspending liquidation, plaintiffs will no longer be able to obtain refunds after a final decision on the challenged IEEPA orders. *See, e.g.*, ECF No. 10 (Mot.) at 1. But given defendants' representations, that key premise is incorrect. The extraordinary and drastic remedy of a preliminary injunction is not warranted when it would give plaintiffs no practical relief. And plaintiffs' only argument on the merits, asserting *stare decisis*, is unavailing given the Supreme Court's active consideration of the very tariffs at issue in this case.

The Court should deny plaintiffs' motion for emergency relief.

## STANDARD OF REVIEW

"[A] preliminary injunction is an extraordinary and drastic remedy," *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997), "never awarded as of right," *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The moving party must clearly show four factors: "(1) likelihood of success on the merits, (2) irreparable harm absent immediate relief, (3) the balance of interests weighing in favor of relief, and (4) that the injunction serves the public interest." *Sumecht NA, Inc. v. United States*, 923 F.3d 1340, 1345 (Fed. Cir. 2019). Moreover, the goal of a preliminary injunction "is to ensure that, at the end of the case, the court can still grant an adequate remedy." *Del. State Sportsmen's Ass'n, Inc. v. Del. Dep't of Safety &*

*Homeland Sec.*, 108 F.4th 194, 200 (3d Cir. 2024). "Only when the threatened harm would impair the court's ability to grant an effective relief is there really a need for preliminary relief." Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2948.1 (3d ed.).

## ARGUMENT

### I.   Plaintiffs Cannot Establish Likelihood Of Immediate, Irreparable Harm

The Court should deny plaintiffs' motion because they cannot show irreparable harm. *See Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001). Plaintiffs argue that "liquidation poses a meaningful risk of irreparable harm" because it would prevent "duties [from] be[ing] recovered through subsequent litigation." Mot. 5-7. In other words, plaintiffs' asserted irreparable harm is the purported inability to obtain a refund after a final and unappealable decision because of liquidation. But that asserted harm is nonexistent here because defendants have made very clear—both in this case and in related cases—that they will not object to the Court ordering reliquidation of plaintiffs' entries subject to the challenged IEEPA duties if such duties are found to be unlawful. Because defendants' representations make clear that liquidation will not interfere with the availability of refunds after a final decision, plaintiffs cannot be irreparably harmed by liquidation.

Contrary to plaintiffs' speculation, liquidation will not affect the availability of refunds after a final decision. Defendants first made this representation in April 2025, in the *V.O.S.* litigation. *See V.O.S. Selections*, No. 25-066, ECF No. 32 at 42 (Ct. Int'l Trade Apr. 29, 2025) ("[E]ven if future entries are liquidated, defendants do not intend to oppose the Court's authority to order reliquidation of entries of merchandise subject to the challenged tariffs if the tariffs are found in a final and unappealable decision to have been unlawfully collected. Such reliquidation would result in a refund of all duties determined to be unlawfully assessed, with interest.").

3

Defendants again represented in May 2025, in a related action, that they "will not object to the Court reliquidating any of plaintiffs' entries subject to IEEPA duties that are found to be unlawful." *Princess Awesome, LLC v. Customs & Border Prot.*, No. 25-078, ECF No. 16 at 12 n.4 (Ct. Int'l Trade May 23, 2025). Indeed, defendants stipulated in that case that "they will not oppose the Court's authority to order reliquidation of entries of merchandise subject to the challenged IEEPA duties and that they will refund any IEEPA duties found to have been unlawfully collected, after a final and unappealable decision has been issued finding the duties to have been unlawfully collected and ordering defendants to refund the duties." *Id.*, ECF No. 17 ¶ 2. The point of the stipulation was to "ensure[] that the plaintiffs may obtain judicial relief in the event that the IEEPA duties are found to be unlawful in a final and unappealable decision, while at the same time adopting a more streamlined and administrable procedure." *Id.* ¶ 3.

And defendants confirmed the same to the Federal Circuit in May 2025, assuring that court that "[i]f tariffs imposed on plaintiffs during these appeals are ultimately held unlawful, then the government will issue refunds to plaintiffs, including any post-judgment interest that accrues." *V.O.S. Selections*, No. 25-1812, ECF No. 6 at 25 (Fed. Cir. May 29, 2025).

Defendants are, and have been, willing to make a similar stipulation here. *See* ECF Nos. 14, 23 (referring to the parties' discussions regarding a stipulation). Defendants have assured plaintiffs that they will not oppose either a request by plaintiffs for, or the Court's authority to issue, a final and unappealable order requiring CBP to liquidate or reliquidate plaintiffs' subject entries with refunds to plaintiffs of the challenged IEEPA duties if such duties are found unlawful.

Thus, plaintiffs' assertions of irreparable harm are not only speculative, but contrary to the assurances defendants have consistently and repeatedly given on the issue. *Zenith Radio*

4

*Corp. v. United States*, 710 F.2d 806, 809 (Fed. Cir. 1983) (to establish irreparable harm, "[a] presently existing, actual threat must be shown"). Consistent with the Federal Circuit's decision in *Shinyei Corp. of Am. v. United States*, 355 F.3d 1297 (Fed. Cir. 2004), defendants have made very clear that they do not contest the Court's jurisdiction or authority under 28 U.S.C. § 1581(i) to order reliquidation under these circumstances. Plaintiffs' reliance on *Target Corp. v. United States*, 134 F.4th 1307 (Fed. Cir. 2025), is therefore misplaced—both for this reason and because, unlike here, *Target* involved CBP decisions made under 19 U.S.C. § 1514 and its finality principle.

Even if there is some difference between defendants' reliquidation representation and suspension of liquidation, plaintiffs still fail to clearly show irreparable harm. They have offered no evidence that without a preliminary injunction, this Court will be unable to decide the case or give them an adequate remedy. *See Eli Lilly & Co. v. Am. Cyanamid Co.*, 82 F.3d 1568, 1578 (Fed. Cir. 1996). It makes little sense to issue the extraordinary and drastic remedy of a preliminary injunction when the Court can ultimately grant an adequate remedy if appropriate, and when preliminary relief would have no real-world effect for plaintiffs. *See also Delaware*, 108 F.4th at 200, 205.

Plaintiffs have not offered any reason other than liquidation as the basis for their claim of irreparable harm. Accordingly, given that defendants will not object to the Court reliquidating plaintiffs' entries subject to the challenged IEEPA duties if such duties are found to be unlawful, plaintiffs' inability to establish irreparable harm is enough reason on its own to deny their motion. *See Amazon.com*, 239 F.3d at 1350.

## II.   The Balance of Hardships and Public Interest Favor Defendants

The balance of hardships and the public interest, which "merge when the Government is

the opposing party," *Nken v. Holder*, 556 U.S. 418, 435 (2009), also weigh against a preliminary injunction. Plaintiffs base their assertion of hardship and public interest on "the loss of their rights to complete relief if liquidation proceeds." Mot. 7-8. As discussed above, this alleged hardship does not exist: defendants have already committed that they will not object to the Court's power to order reliquidation of plaintiffs' entries subject to the challenged IEEPA duties if such duties are found to be unlawful. Defendants have also committed to refund any challenged duties found to be unlawful once there is a final court decision ordering refund of such duties to plaintiffs.

By contrast, defendants face a very real hardship from an injunction suspending liquidation, as explained in more detail in the attached CBP declaration. As of December 10, 2025, approximately 34 million entries have been filed by over 301,000 importers that are subject to the IEEPA duties challenged in the Supreme Court. CBP Decl. ¶ 3. Approximately 19.2 million remain unliquidated as of December 10, 2025. *Id.* Should CBP be enjoined from liquidating entries subject to the challenged IEEPA orders, it would be tasked with managing an injunction of unprecedented scale and scope. CBP Decl. ¶ 4. The current system lacks the functionality to automatically prevent the liquidation of these entries, and CBP would be forced to undertake a highly labor-intensive process that would require significant resources. *Id.* Moreover, approximately 19.8 million of the entries were filed as informal entries under 19 C.F.R. part 143 (regulations promulgated pursuant to 19 U.S.C. § 1498(a)(1)(A)), and since informal entries liquidate immediately upon payment by the importer of the duties due upon the entry, CBP does not have a process to prevent the liquidation of informal entries. CBP Decl. ¶ 3; 19 C.F.R. § 159.10(a)(1).

In 2021, CBP explained the impossibility of suspending liquidation on the vast scale

6

required by *In re 301*, which in comparison, was far smaller at 5.5 million unliquidated entries. *In re Section 301 Cases*, No. 21-00052, ECF 393-1 ¶ 4. Then, CBP estimated that "it would require over 40 Import or Entry Specialists at the Centers of Excellence and Expertise (Centers) working full time" to suspend liquidation. *Id.* ¶ 6. And CBP explained that such diversion of resources would significantly delay every other function of the Centers, including "combatting transshipment and ensuring that duties are properly assessed and entries are timely liquidated; conducting Enforce and Protect Act investigations; instituting penalties and referring appropriate matters to Homeland Security Investigations; reviewing prior disclosures; conducting free trade agreement verifications; discretionary targeting efforts; and processing the dramatic increase in protests filed in the last year." *Id.* ¶ 8.

The diversion of resources would be even more crushing now when there are approximately 19.2 million unliquidated entries. It is not enough for plaintiffs to say that they are merely seeking an injunction with respect to their entries; issuing an injunction with respect to these plaintiffs will invariably result in countless other plaintiffs requesting the same. Indeed, other plaintiffs have already filed motions for similar preliminary injunctive relief, and a dozen trade firms have informed undersigned counsel that they intend to do the same on behalf of their clients. *See, e.g.*, *Delta Enter. Inc. v. United States*, No. 25-00396, ECF No. 10 (Ct. Int'l Trade Dec. 11, 2025). The cascading effect of such injunctions threatens the precise harm detailed in the CBP declaration. *See also, e.g.*, *Winter*, 555 U.S. at 24 (cautioning courts to "pay particular regard for the public consequences in employing the extraordinary remedy of injunction"); *Guerra v. Scruggs*, 942 F.2d 270, 275 (4th Cir. 1991) (considering the aggregate harm of additional injunctions in similar cases).

And plaintiffs' requested injunction is particularly burdensome because it would be

superficial only—it would give plaintiffs nothing more than what defendants have already committed to providing. This would be an unprecedented and inequitable use of the Court's equitable powers. It does not serve the public interest to issue an injunction that is unnecessary and not administrable.

Finally, even if the Court were to disagree that it has authority to order reliquidation here (a decision that would be inconsistent with years of its precedent),[1] it is inequitable to require CBP to act immediately when plaintiffs have waited until the last minute to seek an injunction. According to plaintiffs, their formal entries will *begin* to liquidate in mid-December. Yet plaintiffs waited until just one month before mid-December to discuss a stipulation and three weeks before to request an injunction, even though other importers filed suit and raised liquidation issues months ago. *See, e.g.*, *V.O.S. Selections*, No. 25-066; *Oregon*, No. 25-077; *Princess Awesome*, No. 25-078. Plaintiffs' delay here underscores the lack of any need for emergency relief. *See Benisek v. Lamone*, 585 U.S. 155, 159 (2018) ("[A] party requesting a preliminary injunction must generally show reasonable diligence."); *Delaware*, 108 F.4th at 206 (concluding that plaintiffs' delay "support[s] denying a preliminary injunction").

### III. Plaintiffs Have Not Shown Likelihood Of Success On The Merits

Plaintiffs' showing on the merits also falls altogether short. As plaintiffs acknowledge, the merits of the Executive Orders imposing tariffs under IEEPA are squarely before the

---

[1] Plaintiffs argue that when the Court granted a preliminary injunction in *In re Section 301*, it "cast doubt" on the availability of "*Shinyei* relief." Mot. at 6. But plaintiffs wrench the statement from its context. The Court issued its decision because the Government had opposed a preliminary injunction and contested the Court's ability to order reliquidation. Unlike in *In re Section 301*, defendants do not contest the Court's ability to do so here, or in any case that falls within the *Shinyei* parameters. A representation of this nature by the Government is sufficient to deny a request for injunctive relief. *See, e.g.*, *Sumecht*, 923 F.3d at 1348 (holding that "the Government would be judicially estopped from taking a contrary position" regarding a prior representation involving the relief of reliquidation).

8

Supreme Court in *Donald J. Trump v. V.O.S. Selections, Inc.*, No. 25-250 (U.S.), which heard oral argument on November 5, 2025.[2] Thus, the only merits argument plaintiffs advance in their motion—that the Federal Circuit decision currently on appeal is *stare decisis* (Mot. 5)—fails. *Stare decisis* rests on the premise "that the applicable rule of law be settled." *Kimble v. Marvel Entm't, LLC*, 576 U.S. 446, 455 (2015). The lack of a final judgment in *V.O.S.* and the Supreme Court's active consideration of the issues necessarily means that there is no settled rule of law from that case to apply here. *Id.*; *see Shelcore, Inc. v. Durham Indus., Inc.*, 745 F.2d 621, 627 (Fed. Cir. 1984) (rejecting application of *stare decisis* where the cited decision "had not yet matured into a final judgment []; nor did it ever so mature"); *Koyo Seiko Co. v. United States*, 95 F.3d 1094, 1097 (Fed. Cir. 1996) (similar).

Plaintiffs have offered no other reason they are likely to succeed on the merits of their case, and the Court should deny their motion. *See Amazon.com*, 239 F.3d at 1350.

## CONCLUSION

For these reasons, the Court should deny plaintiffs' motion for a preliminary injunction.

---

[2] *V.O.S. Selections* concerns IEEPA duties imposed pursuant to Executive Orders 14193, 14194, 14195, and 14257, which plaintiffs in this action challenge as well. Plaintiffs here additionally challenge Executive Order 14266, but that is merely an amendment to Executive Order 14257.

DATED: December 11, 2025                    Respectfully submitted,

                                                       BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

CLAUDIA BURKE
Deputy Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

<u>/s/ Catherine M. Yang</u>
CATHERINE M. YANG
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480, Ben Franklin Station
Washington, DC 20044
(202) 514-4336
catherine.m.yang@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to section 2(B)(1) of the Standard Chambers Procedures of this Court, that this brief contains 2,905 words, as calculated by the word processing system used to prepare this brief (Microsoft Word).

<u>/s/ Catherine M. Yang</u><br>
CATHERINE M. YANG