Slip Op. 25-154

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AGS COMPANY AUTOMOTIVE SOLUTIONS, <br><br> Plaintiff, <br><br> Turn5, Inc., et. al., <br><br> Consolidated Plaintiffs, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA, <br><br> Defendants. | Before: Gary S. Katzmann, Judge <br> Timothy M. Reif, Judge <br> Jane A. Restani, Judge <br><br> Consol. Court No. 25-00255 |

## OPINION AND ORDER

[ The court denies Plaintiffs' motion for a preliminary injunction. Plaintiffs' motion for a hearing is denied as moot. ]

Dated: <u>December 15, 2025</u>

<u>Daniel Cannistra</u>, <u>John B. Brew</u>, <u>Daniel W. Wolff</u>, <u>Aaron M. Marx</u>, and <u>Valerie S. Ellis</u> Crowell & Moring LLP, of Washington, D.C., for Plaintiff AGS Company Automotive Solutions, et al. and Consolidated Plaintiffs Turn5, Inc., et al.

<u>Catherine M. Yang</u>, Trial Attorney, Civil Division, Commercial Litigation Branch, U.S. Department of Justice, of Washington, D.C., for Defendants U.S. Customs and Border Protection, Rodney S. Scott in his official capacity as Commissioner for U.S. Customs and Border Protection, and the United States. With her on the briefs were <u>Brett A. Shumate</u>, Assistant Attorney General, <u>Patricia M. McCarthy</u>, Director, <u>Claudia Burke</u>, Deputy Director, and <u>Justin R. Miller</u>, Attorney-In-Charge, International Trade Field Office.

<u>Per Curiam</u>:  Before the court are Plaintiff AGS Company Automotive Solutions' motion for a preliminary injunction filed on behalf of itself and the consolidated plaintiffs in this action

(collectively "Plaintiffs"), Pls.' Mot. for a Prelim. Inj., Nov. 20, 2025, ECF No. 10 ("Pls.' Mot."), and Plaintiffs' related motion for a hearing, Pls.' Mot. for Hearing Concerning the Mot. for Prelim. Inj., Dec. 11, 2025, ECF No. 24.  Plaintiffs are importers of record who paid tariffs subject to this action.  Pls.' Mot. at 3.  They request a preliminary injunction suspending liquidation—"the final computation or ascertainment of duties on entries" of imported merchandise, 19 C.F.R. § 159.1—of certain entries for which tariffs have been imposed under the International Emergency Economic Powers Act ("IEEPA").  Id. at 1.  This court previously vacated and permanently enjoined the executive orders imposing those tariffs.  V.O.S. Selections, Inc. v. United States, 49 CIT __, __, 772 F. Supp. 3d 1350, 1383 (2025); aff'd in part, vacated in part, 149 F.4th 1312 (Fed. Cir. 2025), cert. granted, Appeal No. 25-250 (S. Ct.); Order Holding Mots. to Stay in Abeyance, V.O.S. Selections, Inc v. United States, No. 25-066 (Ct. Int'l Trade filed Apr. 14, 2025), June 3, 2025, ECF No. 63.  The U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") affirmed this court's decision that the executive orders imposing the IEEPA tariffs are unlawful but vacated the permanent injunction universally enjoining the enforcement of the IEEPA tariffs for this court's reevaluation of "the propriety of granting injunctive relief and the proper scope of such relief" in light of an intervening decision from the Supreme Court.  See V.O.S. Selections, Inc. v. Trump, 149 F.4th 1312, 1340 (Fed. Cir. 2025).  The case is now before the Supreme Court.  V.O.S. Selections, Inc. v. United States, Appeal No. 25-250 (S. Ct. filed Sep. 3, 2025).  Oral argument was heard by the Court on November 5, 2025.  Because Plaintiffs cannot demonstrate irreparable harm resulting from liquidation pending a final decision in V.O.S., the panel denies Plaintiffs' motion for a preliminary injunction and denies as moot Plaintiffs' motion for a hearing.

"A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted).  To obtain a preliminary

injunction, a party must demonstrate "(1) likelihood of success on the merits, (2) irreparable harm absent immediate relief, (3) the balance of interests weighing in favor of relief, and (4) that the injunction serves the public interest." Silfab Solar, Inc. v. United States, 892 F.3d 1340, 1345 (Fed. Cir. 2018) (citing Winter, 555 U.S. at 20).

Plaintiffs contend that even if the IEEPA duties and underlying executive orders are held unlawful by the Supreme Court, their right to a complete refund of the duties they have paid or might be required to pay during the pendency of the litigation could be jeopardized in the absence of a preliminary injunction staying liquidation. See Pls.' Mot. at 2–3. Plaintiffs argue that liquidation poses a substantial risk of irreparable harm because the Government "may contend with respect to [U.S. Customs and Border Protection's ("Customs")] collection of tariffs subject to the IEEPA Tariff Orders that [Customs] acts in a purely ministerial capacity . . . such that the liquidation of an entry subject to an IEEPA duty cannot be protested." Id. at 6. Specifically, Plaintiffs assert that tariff duties they have paid will be liquidated, or made final, by Customs beginning on December 15, 2025. Id. at 3. Plaintiffs argue that the remedy typically available to challenge liquidation—filing a protest with Customs, and a civil action contesting denial of a protest in the USCIT under 19 U.S.C. § 1514—may not be available if Customs acts in a purely ministerial capacity in liquidating IEEPA duties. Id. at 6; see also Rimco Inc. v. United States, 98 F.4th 1046, 1052 (Fed. Cir. 2024) (holding that purely ministerial actions by Customs are not protestable under 19 U.S.C. § 1514(a)).

However, as the Government notes in its response to Plaintiffs' motion for a preliminary injunction here, it "[has] made very clear—both in this case and in related cases—that [it] will not object to the [c]ourt ordering reliquidation of plaintiffs' entries subject to the challenged IEEPA duties if such duties are found to be unlawful." Def.'s Resp. in Opp'n to Pls.' Mot. for a Prelim.

Inj. at 3, Dec. 11, 2025, ECF No. 25 ("Gov't Resp."); see also id. at 3–4 (citing Def.'s Resp. in Opp'n to Mot. for Prelim. Inj. & Summ. J. at 42, V.O.S. Selections, No. 25-066, ECF No. 32, Apr. 29, 2025 ("[E]ven if future entries are liquidated, defendants do not intend to oppose the [c]ourt's authority to order reliquidation . . . . Such reliquidation would result in a refund of all duties determined to be unlawfully assessed, with interest."); Joint Stipulation Regarding Reliquidation ¶ 2, Princess Awesome, LLC v. U.S. Customs and Border Prot., No. 25-078 (Ct. Int'l Trade filed Apr. 24, 2025), ECF No. 17, May 23, 2025 (Defendants "will not oppose the [c]ourt's authority to order reliquidation of entries of merchandise subject to the challenged IEEPA duties and that they will refund any IEEPA duties found to have been unlawfully collected, after a final and unappealable decision has been issued finding the duties to have been unlawfully collected and ordering defendants to refund the duties.")).[1]

---

[1] The Government has taken the same position in other cases involving IEEPA tariffs. See, e.g., Defs.-Appellants' Mot. for an Emergency Stay Pending Appeal & an Immediate Admin. Stay at 25, V.O.S. Selections, Inc. v. Trump, Appeal No. 25-1812 (Fed. Cir. filed May 28, 2025), May 29, 2025, ECF No. 6 ("If tariffs imposed on plaintiffs during these appeals are ultimately held unlawful, then the government will issue refunds to plaintiffs, including any post-judgment interest that accrues."); Defs.' Mot. for a Stay of Prelim. Inj. Pending Appeal at 13, Learning Resources, Inc. v. Trump, No. 25-cv-01248 (D.D.C. filed Apr. 22, 2025), June 2, 2025, ECF No. 41 ("For any plaintiff who is an importer, even if a stay is entered and defendants do not prevail on appeal, plaintiffs will assuredly receive payment on their refund with interest. '[T]here is virtually no risk' to any importer that they 'would not be made whole' should they prevail on appeal. The most 'harm' that could incur would be a delay in collecting on deposits. This harm is, by definition, not irreparable. Plaintiffs will not lose their entitlement to a refund, plus interest, if the preliminary injunction is stayed, and they are guaranteed payment by defendants should the [c]ourt's decision be upheld. And defendants do not oppose the reliquidation of any entries of goods subject to IEEPA duties paid by plaintiffs that are ultimately found to be unlawful after appeal." (first quoting Sunpreme v. United States, 41 CIT __, __, 2017 WL 65421, at *5 (Jan. 5, 2017); and then citing Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp., 17 F.3d 691, 694 (4th Cir. 1994))); Defs.' Mot. to Stay Proceedings at 7, Axle of Dearborn, Inc. v. Dep't of Com., No. 25-091 (Ct. Int'l Trade filed May 16, 2025), May 30, 2025, ECF No. 13 ("To the extent that any future entries are liquidated, the [c]ourt may order reliquidation of entries subject to the challenged de minimis exemption if the duties paid by Axle are, in a final and unappealable decision, found to have been unlawfully collected. Such reliquidation would result in a refund of all duties determined to be unlawfully assessed, with interest."); Defs.' Mot. to Dismiss Counts II and IV of Pl.'s Compl.,

Judicial estoppel would prevent the Government from taking an inconsistent approach after a final result in V.O.S. New Hampshire v. Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position . . . ." (citation omitted)).  The Government has emphasized this point itself, citing to Sumecht NA, Inc. v. United States, which holds that "the Government would be judicially estopped from taking a contrary position" regarding a prior representation involving the availability of relief in the form of reliquidation.  Gov't Resp. at 8 n.1 (quoting Sumecht NA, Inc. v. United States, 923 F.3d 1340, 1348 (Fed. Cir. 2019)).  Having convinced this court to accept that importers who paid IEEPA tariffs will be able to receive refunds after reliquidation, and having benefited from the court's subsequent conclusion that importers will not experience irreparable harm as a consequence of liquidation, the Government cannot later "assume a contrary position" to argue that refunds are not available after liquidation.  New Hampshire v. Maine, 532 U.S. at 749.

Plaintiffs also suggest, in their reply, that the availability of reliquidation is a question "that [is] neither settled nor automatic, particularly where the Government itself acknowledges that relief would require a 'final and unappealable' decision."  Pls.' Reply to Def.'s Resp. in Opp'n to Pls.' Mot. for a Prelim. Inj. at 3., Dec. 12, 2025, ECF No. 26 ("Pls.' Reply").  Plaintiffs have cited to In re Section 301 Cases as support for this proposition—a case where this court granted a preliminary injunction suspending liquidation in light of its view that the Federal Circuit "has raised doubts about the [USCIT's] authority to" order reliquidation or refunds in § 1581(i) cases.

---

Resp. in Opp'n to Pl.'s Mot. for Prelim. Inj. & Partial Summ. J., & Cross-Mot. for Summ. J. at 13, Axle, No. 25-091, June 20, 2025, ECF No. 21 ("[Plaintiff] cannot establish irreparable harm, given that . . . it would have the possibility of a refund of any duties through the reliquidation of entries.").

45 CIT __, __, 524 F.Supp.3d 1355, 1358–59, 1366 (2021).

     We first note that the Government in In re Section 301 Cases contested this court's ability to order reliquidation. Id. at 1362. This stands in stark contrast to the Government's multiple statements here that it "will not oppose or object to the [c]ourt's authority to order reliquidation," Gov't Resp. at 1, and that "[s]uch reliquidation would result in a refund of all duties determined to be unlawfully assessed, with interest." Id. (quoting Def.'s Resp. in Opp'n to Mot. for Prelim. Inj. at 42, V.O.S. Selections, No. 25-066, ECF No. 32, Apr. 29, 2025). This representation alone is sufficient to deny the Plaintiffs' request for injunctive relief. See, e.g., Sumecht, 923 F.3d at 1348 (upholding the USCIT's denial of a request for a preliminary injunction based on a finding of no irreparable harm because the Government represented that "the [USCIT] has the power to . . . order the Government to reliquidate," such that "[it] would be judicially estopped from taking a contrary position regarding the [USCIT's] authority to order reliquidation").

     Additionally, the panel in In re Section 301 Cases unanimously agreed—as we do now—that the USCIT has "the explicit power to order reliquidation and refunds where the government has unlawfully exacted duties." Id. at 1363; see also id. at 1373 ("[M]y colleagues and I agree that any harm arising from liquidation would be reparable by the court by means of an order of reliquidation . . . ." (Barnett, C.J., dissenting)). The Government acknowledges that "a decision [to the contrary] would be inconsistent with years of [the court's] precedent." Gov't Resp. at 8. Normally, challenges to duties must be made by first filing a protest of the liquidation with Customs or else liquidation is final. 19 U.S.C. § 1514(c), (a). Accordingly, finality of liquidation applies to Customs decisions that are not protested. Id. § 1514(a). If a valid protest of a liquidation decision is filed and denied, this court has jurisdiction pursuant to 28 U.S.C. § 1581(a) over any action challenging the protest denial. However, the Federal Circuit has concluded that—in cases

challenging the constitutionality of a duty—filing a protest with Customs is "an utter futility" because "Customs is powerless to perform any active role in the determination of the constitutionality of the assessment." Thomson Consumer Elecs., Inc. v. United States, 247 F.3d 1210, 1215 (Fed. Cir. 2001). The Federal Circuit held that—because filing a protest with Customs would be futile—plaintiffs "[are] not required to file a protest" in cases involving constitutional challenges to duties, such that the residual jurisdiction provision of 28 U.S.C. § 1581(i) is the proper basis of jurisdiction rather than § 1581(a). Id.; see also United States v. U.S. Shoe Corp., 523 U.S. 360, 366 (1998) (agreeing with the USCIT and the Federal Circuit that "§ 1581(i) is the applicable jurisdictional prescription" because "Customs performs no active role," and instead "merely passively collects . . . payments").

Plaintiffs here challenge the legality and constitutionality of Executive Orders issued by the President. In such a case, a § 1581(a) protest would be futile because "all that Customs is authorized to do is collect the" duty. Thomson Consumer, 247 F.3d at 1215. Because Customs has no authority to make any decision regarding the legality or constitutionality of the Executive Orders at issue, this court has jurisdiction pursuant to 28 U.S.C. § 1581(i) rather than § 1581(a), and liquidation of the entries at issue is not final under § 1514. While the Executive Orders are extant, there is no Customs decision of a type that can be made and protested; hence no § 1514 finality of liquidation occurs. As long as this court has jurisdiction under 28 U.S.C. § 1581(i), the court can provide remedial relief, as the Government here acknowledges. In short, where such jurisdiction has attached, this court has authority to order reliquidation, and the Plaintiffs cannot claim that they would be denied a refund of tariffs paid in the event that the challenged Executive Orders are ultimately deemed unlawful by the Supreme Court. Under such circumstances, entitlement to the "extraordinary remedy" of a preliminary injunction has not been shown. See

Winter, 555 U.S. at 24.

## CONCLUSION

For the reasons stated above, we conclude that the Government has taken the "unequivocal position" that "liquidation will not affect the availability of refunds after a final decision" in V.O.S. Gov't Resp. at 2–3. The Government would be judicially estopped from "assum[ing] a contrary position" in the future. New Hampshire v. Maine, 532 U.S. at 749. Additionally, this court has the authority to order reliquidation in cases involving constitutional challenges to duties under 28 U.S.C. § 1581(i). Accordingly, we find that Plaintiffs are not at risk of experiencing irreparable harm as a result of liquidation. Having found no irreparable harm, the court need not consider the remaining preliminary injunction factors. See Winter, 555 U.S. at 23–24 (requiring "plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction"); see also Otter Prods., LLC v. United States, 38 CIT __, __, 37 F. Supp. 3d 1306, 1316 (2014). The court denies Plaintiffs' motion for a preliminary injunction staying liquidation.

Plaintiffs' motion for a preliminary injunction is **DENIED**. Plaintiffs' motion for a hearing is **DENIED** as moot.

**SO ORDERED.**

By the Panel.

Dated: December 15, 2025
       New York, New York