**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE GARY S. KATZMANN, JUDGE
                THE HONORABLE TIMOTHY M. REIF, JUDGE
                THE HONORABLE JANE A. RESTANI, JUDGE

|  |  |
|---|---|
| AGS COMPANY AUTOMOTIVE SOLUTIONS AND CONSOLIDATED PLAINTIFFS,<br><br>        Plaintiffs,<br><br>    v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION, et al.,<br><br>        Defendants. | Consol. Court No. 25-00255 |

**<u>ORDER</u>**

Upon consideration of defendants' motion for extended case management procedures, and any responses thereto, it is hereby

ORDERED that the motion is GRANTED.

Dated:_____        _____
     New York, New York                                                JUDGE

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE GARY S. KATZMANN, JUDGE
THE HONORABLE TIMOTHY M. REIF, JUDGE
THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| AGS COMPANY AUTOMOTIVE SOLUTIONS AND CONSOLIDATED PLAINTIFFS, )<br><br>Plaintiffs, )<br><br>v. )<br><br>U.S. CUSTOMS AND BORDER PROTECTION, et al., )<br><br>Defendants. ) | Consol. Court No. 25-00255 |

**DEFENDANTS' MOTION TO EXPAND CASE MANAGEMENT PROCEDURES**

Defendants, the United States and all named agencies, respectfully submit this motion to expand the case management procedures already imposed to administer the large and growing number of related cases initiated since October 2025. On December 23, 2025, the Chief Judge issued Administrative Order 25-02, staying all new and unassigned cases challenging tariffs imposed under the International Emergency Economic Powers Act (IEEPA). This motion proposes additional case management procedures to administer these cases efficiently.

*1.  Background*

Between April and September 2025, six cases challenging tariffs imposed by the President under IEEPA were filed in this Court. *V.O.S. Selections Inc. v. Trump*, Court No. 25-00066, *The State of Oregon v. Trump,* Court No. 25-00077, *Princess Awesome, LLC v. United States Customs and Border Protection*, Court No. 25-00078, *Axle of Dearborn, Inc. v.*

*Department of Commerce*, Court No. 25-00091, *Emily Ley Paper, Inc. v. Trump*, Court No. 25-00096, and *Johanna Foods, Inc. v. Executive Office of the President*, Court No. 25-00155.

The Court held oral argument in *V.O.S.* on Tuesday, May 13, 2025, and in *Oregon* on Wednesday, May 21, 2025. The Court issued one slip opinion for both cases on May 28, 2025. Slip Op. 25-66. The Court stayed *Princess Awesome*, *Axle of Dearborn*, *Emily Ley Paper*, and *Johanna Foods* pending a final, unappealable decision in *V.O.S.* and *Oregon*. The four cases remain stayed pending the Supreme Court's review of the lead cases. All will be governed either partly or entirely by the Supreme Court's decision in *V.O.S.* and *Oregon*.

From October 2025 to the present, over 900 cases have been commenced challenging the IEEPA tariffs. *See*, *e.g.*, Court No. 25-00240 to the present. Law firms have consolidated many of their cases. *See*, *e.g.*, *AGS Company Automotive Solutions v. U.S. CBP, et al.* No. 25-cv-00255-3JP. In addition to the stay already imposed by the Court on new and unassigned cases, the following proposed procedures contemplate, among other things, that all assigned IEEPA tariff cases, starting from Court No. 25-00240 and going forward, be similarly stayed pending the final resolution of *V.O.S.* and *Oregon.*

2.   *Proposed Procedures*

We file this motion in *AGS* and request that our motion be deemed filed in each of the other related cases. We have shared a draft of this motion with many of the counsel who represent the plaintiffs in the pending cases challenging the IEEPA tariffs. Counsel have offered much-appreciated suggestions, many of which have been incorporated. But as of the date of this filing, counsel are still discussing the proposal with the many parties and are not able to take a position. Based on our experience with mass litigation in this and other Courts, we respectfully

request the Court adopt the following case management procedures, which are based in part on the procedures adopted in *In Re Section 301 Cases*, No. 21-00052-3JP.

1. **Automatic Stay**: We respectfully request that the Court continue its stay in all pending cases challenging the IEEPA tariffs, including all assigned cases. This stay would not include motions to correct or amend pleadings to correct errors to ensure proper filing.

Any party seeking to lift the stay in a new IEEPA Tariff case should notify other parties in that case and the Steering Committee identified by the Court, at least three days in advance of filing a motion to lift the stay.

We further propose that the parties file a status report on further proceedings within 30 days of the Supreme Court's decision in *V.O.S.* and *The State of Oregon*.

2. **Plaintiffs' Steering Committee**: We respectfully request that the Court approve a steering committee consisting of several lead counsel for the plaintiffs. Plaintiffs shall submit a proposed steering committee upon request by the Court.

3. **Service/Notice of Filing Mechanism:** We respectfully request that the Court not require the Government to file entries of appearance in each individual case, or to file copies of documents in each individual case. Instead, we respectfully request that the Court create a tab on its website so that all parties and their counsel can have notice of any case management submission or filing in *AGS* and that all filings be made in *AGS*. This requirement would not apply to cases filed before Court No. 25-00240.

Regarding service of complaints, we propose that the Office of the Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Department of Justice, should accept service of the summons and complaint in IEEPA Tariff Cases on behalf of the Attorney

General and the heads of any Government agency whose action is being contested, in satisfaction of the obligations arising under 28 U.S.C. § 2633(c) and USCIT Rule 4(h)(2).

4.    **Stipulation on Reliquidation:** The Court's December 15, 2025, order in *AGS* incorporated a stipulation from the Department of Justice regarding reliquidation. AGS, No. 25-259, ECF 29. The stipulation should apply to all current and future similarly situated plaintiffs and would moot any pending motions for preliminary injunctions.[1]

DATED: January 7, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Claudia Burke
CLAUDIA BURKE
Deputy Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480, Ben Franklin Station
Washington, DC 20044
(202) 353-9063
claudia.burke@usdoj.gov

*Attorneys for Defendants*

---

[1] By our count, there are four outstanding motions for preliminary injunction. *See* CIT Nos. 25-351, 25-542, 25-601, 25-603. We respectfully request that the deadline for responses be stayed in light of the defendants' stipulation, and that plaintiff either withdraw their motions or the Court deny them as moot.