United States Court of International Trade
One Federal Plaza
New York, NY 10278



Gary S. Katzmann, JUDGE
Timothy M. Reif, JUDGE
Jane A. Restani, JUDGE

January 8, 2026

Aaron Michael Marx
Crowell & Moring, LLP
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004-2595

Brett A. Shumate
U.S. Department of Justice
Commercial Litigation Branch – Civil Division
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044

Re:   Question on Defendants' Motion to Expand Case Management Procedures in <u>AGS Co. Auto. Sols. v. U.S. Customs and Border Prot.</u>, Consol. Court No. 25-00255

Dear Counselors:

The Panel has reviewed Defendants' ("the Government") Motion to Expand Case Management Procedures, filed January 7, 2026. The Panel would like the Government to submit a written answer to the additional question set forth below regarding the Government's stipulation on reliquidation. <u>See</u> Defs.' Mot. to Expand Case Management Procedures, Jan. 7. 2026, ECF No. 32 ("Gov't Mot."). This question should not be construed as suggesting that the court has made any conclusive determinations. The Government will file a submission of no more than 750 words no later than 11:59 pm on January 8, 2026.

   I.   **Question for Defendants ("the Government")**

You state that the Government's stipulation regarding reliquidation "should apply to all current and future similarly situated plaintiffs and would moot any pending motions for preliminary injunctions." Gov't Mot. at 5 (citing <u>AGS Co. Auto. Sols. v. U.S. Customs and Border Prot.</u>, 49 CIT __, 2025 WL 3634261 (Dec. 15, 2025)). That stipulation, as incorporated in <u>AGS</u>, states that the Government "will not object to the [c]ourt ordering reliquidation of plaintiffs' entries subject to the challenged IEEPA duties if such duties are found to be unlawful . . . ." 49 CIT __, 2025 WL 3634261 at *2. In <u>Popsockets, LLC v. United States</u>, the Government similarly "stipulate[d] that [it] will not oppose the [c]ourt's authority to order reliquidation of entries of merchandise subject to the challenged IEEPA duties and that they will refund any IEEPA duties found to have been unlawfully collected." Joint Stipulation ¶ 2, <u>Popsockets, LLC v. United States</u>, No. 25-00379 (Ct. Int'l Trade filed Dec. 5, 2025), ECF No. 8, Dec. 12, 2025 ("<u>Popsockets</u> Joint Stipulation")). In

the Popsockets Joint Stipulation, the parties state that they "understand that the term 'IEEPA duties' refers to all entries for which plaintiff was the importer of record and that are subject to the duties imposed by the executive actions plaintiff challenges in its complaint or any amendment thereto."  Popsockets Joint Stipulation ¶ 3.  Plaintiffs in Popsockets—just as in several other cases—challenge executive orders imposing tariffs on Brazil and India that are not at issue in either AGS or in V.O.S. Selections, Inc. v. United States, 49 CIT __, __, 772 F. Supp. 3d 1350, 1383 (2025); aff'd in part, vacated in part, 149 F.4th 1312 (Fed. Cir. 2025), cert. granted, Appeal No. 25-250 (S. Ct.); Order Holding Mots. to Stay in Abeyance, V.O.S. Selections, Inc v. United States, No. 25-066 (Ct. Int'l Trade filed Apr. 14, 2025), June 3, 2025, ECF No. 63.  See Executive Order 14323, Addressing Threats to the United States by the Government of Brazil, 90 Fed. Reg. 37739 (July 30, 2025); Executive Order 14329, Addressing Threats to the United States by the Government of the Russian Federation, 90 Fed. Reg. 38701 (Aug. 6, 2025).

Please clearly define "the challenged IEEPA duties" as relevant to your extended stipulation that you state "should apply to all current and future similarly situated plaintiffs." Gov't Mot. at 5.  In particular, do you understand your stipulation that you state "should apply to all current and future similarly situated plaintiffs" to apply to the challenged IEEPA tariffs imposed on Brazil and India that are not at issue in AGS or V.O.S.?

Sincerely,

The Panel