**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:   THE HONORABLE GARY S. KATZMANN, JUDGE
          THE HONORABLE TIMOTHY M. REIF, JUDGE
          THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| AGS COMPANY AUTOMOTIVE SOLUTIONS AND CONSOLIDATED PLAINTIFFS, ) ) ) ) ) Plaintiffs, ) ) v. ) ) U.S. CUSTOMS AND BORDER PROTECTION, ) et al., ) ) Defendants. ) | Consol. Court No. 25-00255 |

**DEFENDANTS' RESPONSE TO COURT'S JANUARY 8, 2026 LETTER**

The Court issued a letter today asking for clarification on section 2.4 of our motion for extended case management procedures, in light of the parties' stipulation in *Popsockets, LLC v. United States*, No. 25-00379, ECF 8. Briefly, the stipulation proposed in our motion and the stipulation offered in *Popsockets* apply to the IEEPA tariffs imposed on Brazil and India.

**I.   Background**

In *Popsockets*, defendants stipulated:

that they will not oppose the Court's authority to order reliquidation of entries of merchandise subject to the challenged IEEPA duties and that they will refund any IEEPA duties found to have been unlawfully collected, after a final and unappealable decision has been issued finding the duties to have been unlawfully collected and ordering defendants to refund the duties.

And the parties also agreed:

that the term "IEEPA duties" refers to all entries for which plaintiff was the importer of record and that are subject to the duties imposed by the executive actions plaintiff challenges in its complaint or any amendment thereto. The parties

1

> understand that defendants will only refund IEEPA duties collected pursuant to the executive actions that are found to be unlawful

Defendants offered effectively the same stipulation in *AGS*, which the Court incorporated in its holding. *AGS*, No. 25-00255, ECF 29 at 5.

Finally, in our motion for extended case management procedures, defendants stated that the stipulation "should apply to all current and future similarly situated plaintiffs and would moot any pending motions for preliminary injunctions."

**2.    Answer**

The Court asks defendants to clearly define "the challenged IEEPA duties" referenced in *Popsockets* in light of our request that our stipulation apply to current and future similarly situated plaintiffs. Similarly situated plaintiffs are those who challenge IEEPA tariffs in a manner and on grounds that substantially overlap with the IEEPA tariffs cases presently before the Supreme Court.

In particular, the Court asks whether we view the stipulation as applying to the challenged IEEPA tariffs imposed on Brazil and India that are not at issue in *AGS* or *V.O.S.* The answer is yes. That is not to say that we may not challenge, as appropriate, whether a particular future party is "similarly situated" or otherwise entitled to relief, but we view complaints such as the one in *Popsockets*, challenging the President's India and Brazil tariffs, to fall within the proposed stipulation—the purpose of which is to obviate the need for preliminary injunctions.

In other words, although we reserve our right to challenge specific complaints, generally a properly raised IEEPA tariff challenge would be subject to the stipulation, regardless of whether the specific Executive Order challenged was at issue in *V.O.S.* or *AGS*. The purpose of the stipulation was merely to confirm that defendants do not intend

to challenge the Court's authority to order reliquidation and thus obviate the need for preliminary injunctions.

DATED: January 8, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

CLAUDIA BURKE
Deputy Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

<u>/s/ Catherine M. Yang by /s/ Claudia Burke</u>
CATHERINE M. YANG
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480, Ben Franklin Station
Washington, DC 20044
(202)414-4336
catherine.m.yang@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATION

I certify that the foregoing response to the Court's order contains 609 words and is therefore within the limit set by the Court in its order.

<u>/s/ Claudia Burke</u>
CLAUDIA BURKE