IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE
GARY S. KATZMANN, JUDGE, TIMOTHY REIF, JUDGE,
JANE A. RESTANI, SENIOR JUDGE

| | |
|---|---|
| AGS COMPANY AUTOMOTIVE SOLUTIONS, et al.<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA<br><br>　　　　　　Defendants. | Consol. Court. No. 25-00255 |

**PLAINTIFFS' MOTION FOR STATUS CONFERENCE**

　　Plaintiffs respectfully submit this motion for an expedited status conference with this Court and counsel for the government as soon as practicable and as early as Thursday, February 26, 2026.

　　This Court issued an administrative order staying all cases concerning International Emergency Economic Powers Act ("IEEPA") cases pending the resolution of *V.O.S. Selections, Inc. v. United States,* 49 CIT __, 772 F. Supp. 3d 1350 (2025); *aff'd in part, vacated in part,* 149 F.4th 1312 (Fed. Cir. 2025), *cert. granted*, Appeal No. 25-250 (S. Ct.) before the U.S. Supreme Court. Order to Stay Pending Cases, Dec. 23, 2025, ECF No. 31, *AGS Co. Auto. Sols. v. U.S. Customs & Border Prot.,* No. 25-00255; *in re: Procedures for Entering a Stay in New IEEPA Tariff Cases*, Admin. Order 25-02 (Ct. Int'l Trade Dec. 23, 2025) (staying "unassigned cases and new cases" pending "a final, unappealable decision in *V.O.S. Selections, Inc. v. United States*").

Because the Supreme Court has provided a final, unappealable decision on the merits of the underlying legal challenge of IEEPA, Plaintiffs respectfully request that the Court convene a status conference to establish procedures to govern the adjudication of this and related cases. *See Learning Res., Inc. v. Trump*, No. 24-1287, slip op. at 20 (U.S. Feb. 20, 2026), *affirming V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025).

Plaintiffs request a status conference to discuss the following topics: (1) lifting the stay for good cause, namely to avoid further harm to plaintiffs and litigation complexity which accrues with each passing day (*see e.g., MG Maher v. U.S.*, 26 Ct. Int'l Trade 1040, 1040–41 (2002) (resolving jurisdictional issues in Harbor Maintenance Tax cases, which may arise here based on unlawful liquidation of subject entries); *see also Amended Procedure for Refunds of Harbor Maintenance Fees Paid on Exports of Merchandise*, Fed. Reg. 16,854, 16,854 (Mar. 28, 2001) (citing *United States v. U.S. Shoe Corp.,* 523 U.S. 360 (1998) and describing refund procedures)); (2) a case-management system to govern procedures and streamline the refunds process in this and other pending IEEPA refund cases, as well as related new cases presenting the same theory of relief; and (3) any other issues the Court deems necessary to identify, preserve, and facilitate plaintiffs' rights to refunds, including any orders necessary to preserve the status quo during the pendency of this and related cases, such as an injunction to enjoin further liquidations. Finally, a delay in lifting the stay favors defendants and prejudices Plaintiffs further as entries liquidate.

Counsel for Plaintiffs and Counsel for the government corresponded on February 24, 2026 about this motion. At this time, defendants oppose the motion for a status conference on the ground that Plaintiffs should wait until *V.O.S. Selections* is remanded to the Court and then file a motion to lift the stay, along with any proposed case management procedures, to which

defendants can then respond. But Plaintiffs in *V.O.S. Selections* already, on February 24, filed a motion for immediate issuance of a mandate at the Court of Appeals for the Federal Circuit to return the IEEPA cases to this Court for the adjudication of refunds[1] and simultaneously moved this Court for an injunction to assure the right to refunds will not be compromised.[2] Indeed, the Plaintiffs in *V.O.S. Selections* suggested this Court may want to consolidate these matters "to ensure the fair and prompt resolution of all these IEEPA tariffs claims."[3]

    Accordingly, Plaintiffs ask that this motion be granted and that the Court schedule a status conference at its earliest possibly opportunity.

                                                Respectfully submitted,

Dated: February 25, 2026

                                           /s/ Daniel W. Wolff
                                           Daniel Cannistra
                                           John B. Brew
                                           Daniel W. Wolff
                                           Robert LaFrankie
                                           Aaron Marx
                                           Valerie Ellis
                                           Weronika Bukowski

                                           CROWELL & MORING LLP
                                           1001 Pennsylvania Avenue, NW
                                           Washington, DC 20004
                                           Tel. (202) 624-2621
                                           dwolff@crowell.com

                                           *Counsel for Consolidated Plaintiffs*

---

[1] Mot. for Immediate Issuance of Mandate, *V.O.S. Selections, Inc. v. Trump*, No. 25-1812 (Fed. Cir. Feb. 24, 2026), ECF No. 169.

[2] Pls.' Mot. For Permanent Injunctive Relief, *V.O.S. Selections, Inc.* v. *Trump*, No. 1:25-cv-66 (Ct. Int'l Trade Apr. 14, 2025); ECF No. 72.

[3] *See id.* at 7.