**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE
HONORABLE RICHARD K. EATON, SENIOR JUDGE**

|  |  |
|---|---|
| AGS COMPANY AUTOMOTIVE SOLUTIONS, et al.<br><br>         Plaintiffs,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA<br><br>         Defendants. | Consol. Court No. 25-00255 |

**PLAINTIFFS' EMERGENCY MOTION TO LIFT THE COURT'S STAY**

Plaintiffs consolidated under the above-captioned action ("Consolidated Plaintiffs") respectfully move the Court to lift the stay ordered by this Court on December 23, 2025. Order (Dec. 23, 2025), ECF No. 31. This motion springs from the Court's March 20, 2026, order issued in *Atmus Filtration v. United States*, in which the Court stated that because "no resolution was reached with respect to the reliquidation of entries for which liquidation has become final," importers "should be aware of the remedies available under 19 U.S.C. § 1514 (Protest against decisions of Customs Service)." *See* Order, *Atmus Filtration v. United States*, No. 26-1259 (Mar. 16, 2026), ECF No. 41. That order in *Atmus*, which seemingly applies to all importers, appears to be in tension with the law of this case, as set out in the December 15, 2025 opinion of the three-judge panel previously assigned to this case which held in no uncertain terms that protesting entries incorporating duties imposed under the International Emergency Economic

Powers Act ("IEEPA") would be an exercise in futility. *AGS Co. Auto. Sols. v. U.S. Customs and Border Protec.*, No. 25-00255, 2025 WL 3634261, at *4 (Dec. 15, 2025), ECF No. 29.

Indeed, this Court denied Consolidated Plaintiffs' motion for preliminary injunction to suspend liquidation (*see* Mot. for Prelim. Inj. (Nov. 20, 2025), ECF No. 10) precisely because it has the authority to reliquidate entries under this Court's residual jurisdiction pursuant to 28 U.S.C. § 1581(i), *AGS*, 2025 WL 3634261, at *4, ECF No. 29. In light of the *Atmus* order, Consolidated Plaintiffs seek to lift the stay to be heard on this issue and obtain confirmation that they are not required to protest entries that U.S. Customs and Border Protection ("CBP") liquidates subject to IEEPA duties and, indeed, that doing so would be futile.

Applicable entries are liquidating and protest deadlines continue to lapse. Consolidated Plaintiffs respectfully request the Court's prompt attention to this matter.

## Background and Procedural History

### A. *AGS* Proceedings and Opinion

On November 11, 2025, Plaintiff AGS Company Automotive Solutions filed a complaint in the above-captioned case, seeking refunds for IEEPA duties it has paid to date. Compl. (Nov. 11, 2025), ECF No. 3. Hundreds of additional importers brought similar suits, many of which were consolidated into this action. Order Granting Mot. to Consolidate Cases (Nov. 20, 2025), ECF No. 9; Order Granting Mot. to Consolidate Cases (Dec. 3, 2025), ECF No. 20; Order Granting Mot. to Consolidate Cases (Dec. 8, 2025), ECF No. 22.

On November 20, 2025, Consolidated Plaintiffs filed a motion for a preliminary injunction requesting that this Court enter an order suspending liquidation of all IEEPA duties. Mot. for Prelim. Inj., ECF No. 10. Consolidated Plaintiffs argued that the continued liquidation of IEEPA

duties while their legality was being reviewed by the Supreme Court posed a substantial risk of irreparable harm because the remedy typically available to challenge liquidation—filing a protest with CBP, and a civil action contesting denial of a protest in the CIT under 19 U.S.C. § 1514— may not be available if CBP acts in a purely ministerial capacity in liquidating IEEPA duties.  *Id.* at 6.

On December 15, 2025, the Court denied Consolidated Plaintiffs' motion. In so holding, the three-judge panel relied in material part on stipulations and commitments the government had made in this and other cases. *See AGS* , 2025 WL 3634261, at *4 n.1, ECF No. 29 (explaining that the government has "made very clear—both in this case and in related cases—that [it] will not object to the [C]ourt ordering reliquidation of plaintiffs' entries subject to the challenged IEEPA duties if such duties are found to be unlawful.").[1] The Court held that protesting entries with IEEPA duties "would be futile" because "Customs has no authority to make any decision regarding the legality or constitutionality" of the duties imposed under IEEPA. *Id.* at *4. Instead, the Court explained that this Court would be able to provide remedial relief as long as it has jurisdiction under 28 U.S.C. § 1581(i). *Id.* Because this Court has authority to order reliquidation and issue refunds under its residual jurisdiction if the Supreme Court struck down the IEEPA duties as

---

[1] For instance, in one action, the government represented that it "will not object to the Court reliquidating any of plaintiffs' entries subject to IEEPA duties that are found to be unlawful." Def.'s Resp. in Opp'n to Mot. for Summ. J. at 12 n.4, *Princess Awesome, LLC v. U.S. Customs and Border Protection, et. al.*, No. 25-078, (May 23, 2025), ECF No. 16. And in a more recent filing, the government reiterated that it "ha[s] made very clear—both in this case and in related cases—that they will not object to the Court ordering reliquidation of plaintiffs' entries subject to the challenged IEEPA duties if such duties are found to be unlawful" and also represented that it is "committed to refund any challenged duties paid by plaintiff importers if such duties are found to be unlawful once there is a final, unappealable court decision ordering refund of such duties to plaintiffs." Def.'s Resp. in Opp'n to Pls.' Mot. for Temp. Restraining Order at 4, 9, *Strato Technology Solutions, LLC v. United States et al,* No. 25-322, (Dec. 16, 2025) ECF No. 14.

unlawful, the Court explained that Consolidated Plaintiffs would not suffer irreparable harm if the liquidation of IEEPA duties was not suspended. *Id.*

### B. CIT Stay and SCOTUS Opinion

On December 23, 2025, this Court issued Administrative Order 25-02, staying all unassigned and new cases challenging the legality of tariffs imposed under IEEPA. The Court explained that the stay was intended to preserve judicial resources pending a "final, unappealable decision" from the U.S. Supreme Court concerning whether the IEEPA tariffs are lawful.

In *Learning Resources, Inc., et al. v. Trump*, 607 U.S. ___, 146 S.Ct. 628 (2026), the Supreme Court affirmed the Federal Circuit's decision in *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025),[2] holding that IEEPA does not authorize the President to impose tariffs. Consequently, the tariffs challenged in the present action have been declared unlawful. Approximately two weeks later, the Federal Circuit issued its mandate, sending the *V.O.S. Selections* case back to this court to order final relief. Mandate, *V.O.S. Selections, Inc. v. Trump*, Nos. 2025-1812, 2025-1813 (Fed. Cir. Mar. 2, 2026), ECF No. 174.

### C. *Atmus* Proceedings and Orders

After the Supreme Court's decision, a single importer, Atmus Filtration, moved for a temporary restraining order requiring that the CIT order CBP to suspend the liquidation of its entries. Mot. for Temp. Restraining Order, *Atmus Filtration v. United States*, No. 26-1259 (Feb. 27, 2026), ECF No. 3. On March 4, 2026, the Court held a hearing, at the end of which it issued a nationwide order directing CBP to immediately liquidate and reliquidate certain entries

---

[2] This motion cites to the "*Learning Resources*" slip opinion because that was the lead case at the Supreme Court for purposes of the case caption. The *Learning Resources* case itself was vacated for lack of jurisdiction, while the Federal Circuit's decision in *V.O.S. Selections* was affirmed.

without regard to IEEPA duties, effectively ordering refunds. Order, *Atmus Filtration v. United States*, No. 26-1259 (Mar. 4, 2026), ECF No. 21.[3] The March 4 Order was amended the following day. Amended Order, *Atmus Filtration v. United States*, No. 26-1259 (Mar. 5, 2026), ECF No. 29.[4]

CBP responded with an affidavit alleging its inability to comply immediately and proposing an administrative process to facilitate refunds to importers. Lord Decl., *Atmus Filtration v. United States*, No. 26-1259 (March 6, 2026), ECF No. 31. To implement the refund process, CBP stated it needed 45 days to develop a new functionality in ACE, the electronic platform established for processing imports and which houses each importer's entry data (including duties paid). *Id.* The Court subsequently held a status conference, with attendance limited to the government and Atmus Filtration. *See* Order, *Atmus Filtration v. United States*, No. 26-1259 (Mar. 5, 2026), ECF No. 28. On March 6, 2026 CBP notified that Court that it would not reliquidate finally liquidated entries pursuant to the universal order in *Atmus*, despite its prior stipulation that it would do precisely that. *See* Lord Decl. ¶ 16, *Atmus Filtration v. United States*, No. 26-1259, ECF No. 31 (explaining that certain entries are beyond the 90-day reliquidation window). Following that status conference, the Court indicated that its order was "suspended to the extent it directs immediate compliance" to allow CBP time to implement the proposed process. *See* Order, *Atmus Filtration v. United States*, No. 26-1259 (Mar. 6, 2026), ECF No. 33.

---

[3] The Court ordered that "with respect to any and all unliquidated entries that were entered subject to the IEEPA duties, U.S. Customs and Border Protection is hereby directed to liquidate those entries without regard to the IEEPA duties. Any liquidated entries for which liquidation is not final shall be reliquidated without regard to IEEPA duties." *Id.*

[4] The amended order directed CBP to liquidated entries without IEEPA duties "with respect to any and all unliquidated entries that were entered subject to the IEEPA duties imposed by the Executive Orders considered by the Supreme Court in *Learning Resources, Inc. v. Trump*, 2026 WL 477534 (U.S. Feb. 20, 2026)" and further ordered that "[a]ny liquidated entries for which liquidation is not final shall be reliquidated without regard to those duties." *Id.*

On March 12, 2026, CBP filed a status report describing the progress it had made since the March 6, 2026 conference. Resp. to Ct. Order, *Atmus Filtration v. United States*, No. 26-1259, ECF No. 39. Based on that updated report, the Court ruled that its amended order of March 5 would remain suspended. Order, *Atmus Filtration v. United States*, No. 26-1259 (Mar. 12, 2026), ECF No. 40.

On March 18, 2026, Atmus filed a motion for expanded case management procedures. Pl.'s Mot. for Expanded Case Mgmt. Procedures, *Atmus Filtration v. United States*, No. 26-1259, ECF No. 45. Atmus explained that it "is not prepared to speak for all plaintiffs in the IEEPA Tariff Cases, let alone for all affected importers, regarding the functional or legal sufficiency of CBP's proposals" and requested that the Court "(i) create a master case and enter the orders from this action in the new master case; and (ii) appoint a Plaintiffs' Steering Committee to provide input on CBP's declarations and proposed plan for issuing refunds, and to address other issues, as needed." *Id*. at 5. On that same day, the Court denied Atmus' motion. Order, *Atmus Filtration v. United States*, No. 26-1259 (Mar. 18, 2026), ECF No. 46.

The Court held a closed status conference on March 19, 2026 to discuss the progress that CBP has made since March 12. *See* Order, *Atmus Filtration v. United States*, No. 26-1259 (Mar. 16, 2026), ECF No. 41. The following day, the Court issued an order finding CBP's reported progress satisfactory. Order at 2, *Atmus Filtration v. United States*, No. 26-1259 (Mar. 20, 2026), ECF No. 49.[5]

---

[5] The order also amended the Court's Amended March 5, 2026 order to state that "with respect to any and all unliquidated entries that were entered subject to IEEPA duties, U.S. Customs and Border Protection is hereby directed to liquidate those entries without regard to the IEEPA duties. Any liquidated entries for which liquidation is not final shall be reliquidated without regard to those duties."

Most relevant here, the Court noted that during the closed status conference on March 19, "no resolution was reached with respect to the reliquidation of entries for which liquidation has become final." *Id.* at 1. In light of this, the Court explained that "importers should be aware of the remedies available under 19 U.S.C. § 1514 (Protest against decisions of Customs Service)." *Id.*

On March 17, 2026, this matter (and all related matters) was transferred to the same judicial officer assigned the *Atmus* case. Order, ECF No. 39.

**Good Cause Exists to Lift the Stay to Address the Tension Between Court Orders**

Under Administrative Order 25-02, "[a]ny party seeking to lift the stay before the court does so *sua sponte* must provide good cause indicating why their case merits earlier consideration." The developments in *Atmus* demonstrate that good cause exists to lift the stay of this case. Good cause exists here because this Court has issued seemingly incompatible orders with respect to whether protests are necessary—or even available—to recover duties paid under the unlawful IEEPA tariff regime.

On March 20, this Court entered an order advising importers to "be aware of the remedies available under 19 U.S.C. § 1514 (Protest against decisions of Customs Service)." Order at 2, *Atmus Filtration v. United States*, No. 26-1259, ECF No. 49. While likely only a dictum, that part of the order suggests that importers can protest liquidations of entries with IEEPA duties; specifically those entries that have finally liquidated. Protestable decisions by CBP can be appealed to this Court under 19 U.S.C. § 1581(a).

That language is in tension with the order that the three-judge panel previously assigned to this case issued on December 15, 2025. Specifically, in denying Consolidated Plaintiffs' motion for a preliminary injunction, the panel stated as follows:

7

> Plaintiffs here challenge the legality and constitutionality of Executive Orders issued by the President. In such a case, *a § 1581(a) protest would be futile* because all that Customs is authorized to do is collect the duty. Because Customs has no authority to make any decision regarding the legality or constitutionality of the Executive Orders at issue, this court has jurisdiction pursuant to 28 U.S.C. § 1581(i) rather than § 1581(a), and liquidation of the entries at issue is not final under § 1514. While the Executive Orders are extant, *there is no Customs decision of a type that can be made and protested; hence no § 1514 finality of liquidation occurs*.

*AGS*, 2025 WL 3634261, at *4, ECF No. 29 (citations omitted) (internal quotation marks omitted) (emphasis added).

Importers have relied upon this Court's December 15 opinion, specifically that protesting entries for the recovery of IEEPA duties would be futile. The protest windows for many entries have closed. Given the Court's March 20 order in *Atmus*, suggesting protests may be required, Consolidated Plaintiffs respectfully request that the Court lift the stay and allow them to be heard[6] on this issue of paramount importance.

Without an opportunity to clarify the *Atmus* Court's order, Consolidated Plaintiffs risk seeing slip away the paramount legal rights they thought were preserved, to wit, the lack of need to file protests because doing so would be futile, and because of CBP's promise to issue refunds on liquidated entries.

Potential chaos, steep cost, and inefficiency lie ahead. If, in response to the *Atmus* Court's order, importers start filing protests, it is more than likely (because they are futile) that CBP will deny those protests, leading ineluctably to thousands of new cases in this very same Court, but under 28 U.S.C. § 1581(a). This is a result that the Court should seek to avoid, not merely because it is futile—as the three-judge panel already ruled in this case—but also because it is contrary to

---

[6] Consolidated Plaintiffs note that their prior motion for status conference is pending before the Court. Mot. for Status Conference (Feb. 25, 2026), ECF No. 38.

the very judicial economy and expeditious resolution of refunds this Court has espoused in *Atmus*. Order, *Atmus Filtration v. United States*, No. 26-1259 (Mar. 4, 2026), ECF No. 21 (when establishing this Court, Congress cited "[c]onsiderations of judicial economy, and the need to increase the availability of judicial review in the field of international trade in a manner which results in uniformity without sacrificing the expeditious resolution of import-related disputes." 126 Cong. Rec. S13344 (daily ed. Sept. 24, 1980) (statement of Sen. Dennis DeConcini)).

And not for nothing, protests should be discouraged not merely because of their futility but also because the process is extraordinarily time-consuming, burdensome, and expensive for importers. According to the government itself, as of March 4, 2026, importers made a total of over 53 million entries "in which they have deposited or paid duties imposed pursuant to the International Emergency Economic Powers Act." Lord Decl. ¶ 12, *Atmus Filtration v. United States*, No. 26-1259 (Mar. 6, 2026), ECF No. 31. Undersigned counsel note anecdotally that brokers are currently charging approximately $200 dollars per protest, with a maximum of 15 entries per protest on IEEPA duties. This averages approximately 20 dollars per entry line protest for filing fees alone. Applying this over all entries with IEEPA duties paid, this would total approximately $1 billion dollars in protest filing fees. Even if this is rough math, there is no question the cost is substantial. And on top of that, the extraordinary burden of the unlawful tariffs has artificially inflated bond requirements, which are permanent and unrecoverable damages not remedied by the ultimate tariff refund.

The bottom line is that this Court already held that protests would be futile and are not necessary. Consolidated Plaintiffs seek to lift the stay in this case to be heard on the issues raised here and to seek the Court's assurances that the panel decision of December 15 remains the law of the case.

\*        \*        \*

This motion is endorsed by law firms (inclusive of undersigned Counsel's own law firm, Crowell & Moring LLP) that represent approximately 75% of all IEEPA refund cases that have been filed to date, including:

1.  Barnes Richardson

2.  Foley & Lardner LLP

3.  Grunfeld Desiderio Lebowitz Silverman & Klestadt LLP

4.  Hogan Lovells US LLP

5.  Holland and Knight LLP

6.  Mowry & Grimson PLLC

7.  Rock Trade Law LLC

8.  Roll & Harris LLP

9.  Sharretts, Paley, Carter & Blauvelt, P.C.

10. Law Offices of George R. Tuttle, A.P.C.

Counsel for Consolidated Plaintiffs contacted counsel for the government about this motion in advance of filing. In response, the government stated that it opposes Consolidated Plaintiffs' request to lift the stay, that its position reflected in Docket No. 25, for *AGS* (Court No. 25-00255), has not changed, and that it will file a response to this motion in accordance with the rules of the Court.

**Conclusion**

In the interest of assuring consistency and uniformity across the Court's decisions with respect to the question of protests, Consolidated Plaintiffs respectfully request that this Court lift the stay and allow Consolidated Plaintiffs to be heard on the issues raised above.

Respectfully submitted,

Dated: March 26, 2026

/s/ Daniel W. Wolff
Daniel Cannistra
John B. Brew
Daniel W. Wolff
Robert LaFrankie
Aaron Marx
Valerie Ellis
Oluwagbohunmi Simeon Yerokun

CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel. (202) 624-2621
dwolff@crowell.com

Weronika Bukowski
CROWELL & MORING LLP
Two Manhattan West
375 9th Avenue
New York, NY 10001

*Counsel for Consolidated Plaintiffs*

11

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE**
**HONORABLE RICHARD K. EATON, SENIOR JUDGE**

| | |
|---|---|
| AGS COMPANY AUTOMOTIVE SOLUTIONS, et al.<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA<br><br>　　　　　Defendants. | Consol. Court No. 25-00255 |

**[PROPOSED] ORDER**

Upon consideration of Consolidated Plaintiffs' motion to lift stay, and upon due deliberation, it is hereby

**ORDERED** that the motion is GRANTED.

Dated: _____　　　　　_____
　　　　　New York, New York　　　　　　　　　　　　　　JUDGE