**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE**
**HONORABLE RICHARD K. EATON, SENIOR JUDGE**

AGS COMPANY AUTOMOTIVE SOLUTIONS, *et al.*,

Plaintiffs,

v.

U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA,

Defendants.

Consol. Court No. 25-00255

**CONSOLIDATED PLAINTIFFS' MOTION TO LIFT STAY AND TO ENFORCE THE COURT'S ORDERS**

Consolidated Plaintiffs in the above-captioned action ("Consolidated Plaintiffs") respectfully move this Court to lift the stay entered on March 17, 2026. Order (Mar. 17, 2026), ECF No. 39. This motion arises from U.S. Customs and Border Protection's ("CBP") failure to provide Consolidated Plaintiffs "complete relief" and liquidate or reliquidate all applicable entries "without regard to the IEEPA duties." Order (Apr. 17, 2026), ECF No. 43; *see* Order (July 17, 2026), ECF No. 51 (collectively, the "IEEPA Refund Orders"). As discussed below, CBP has not refunded certain IEEPA tariffs to date, and instead has rejected the affected entries from CAPE without providing a workable means to cure the rejections. These rejected entries represent a significant portion of the outstanding IEEPA refunds, and it is critical that the Court expeditiously order CBP to comply with its orders. Consolidated Plaintiffs therefore respectfully request that the Court grant this motion, direct CBP to provide complete refunds of all IEEPA duties deposited

by Consolidated Plaintiffs, including through an alternative process for covered entries CAPE cannot accommodate, and promptly set a briefing schedule.

## I. Background

### A. Refund Orders

On December 15, 2025, the three-judge panel assigned to this case held that this Court possesses jurisdiction over Consolidated Plaintiffs' claims pursuant to 28 U.S.C. § 1581(i) and that protesting IEEPA duties "would be futile" because CBP's role in collecting such duties is purely ministerial. Opinion at 3, 7 (Dec. 15, 2025), ECF No. 29. In denying Consolidated Plaintiffs' preliminary-injunction motion, the Court relied on the government's commitments not to oppose court-ordered reliquidation and on the availability of relief under § 1581(i). Opinion (Dec. 15, 2025), ECF No. 29 (citing Def.'s Resp. in Opp'n to Mot. for a Prelim. Inj. at 3 (Dec. 11, 2025), ECF No. 25 (noting that the government represented that it "will not object to the Court reliquidating any of plaintiffs' entries subject to the challenged IEEPA duties if such duties are found to be unlawful.")). The present motion seeks to make that relief effective for entries that the administrative mechanism cannot process.

On March 4, 2026, in *Atmus Filtration v. United States*, the Court issued a nationwide order directing CBP to liquidate and reliquidate certain entries without regard to duties imposed pursuant to IEEPA, thereby requiring the refund of such duties. Order, *Atmus Filtration v. United States*, No. 26-1259 (Mar. 4, 2026), ECF No. 21. The Court amended the March 4 Order the following day and declared that "[a]ll importers of record whose entries were subject to IEEPA duties are entitled to the benefit of the *Learning Resources* decision." *Atmus Filtration* (Mar. 5, 2026), ECF No. 29. A subsequent order, entered on March 27, 2026, clarified that finally liquidated entries were likewise subject to reliquidation without IEEPA duties and ordered:

> …with respect to any and all unliquidated entries that were entered subject to IEEPA duties, U.S. Customs and Border Protection is hereby directed to liquidate those entries without regard to the IEEPA duties. Any liquidated entries for which liquidation is not final shall be reliquidated without regard to those duties. Any liquidated entries for which liquidation is final shall be reliquidated without regard to the IEEPA duties.

*Atmus Filtration* (Mar. 27, 2026), ECF No. 50 ("March 27 Order"). On April 17, 2026, the Court issued an order identical to the March 27 Order in the above-captioned action. Order (Apr. 17, 2026), ECF No. 43.

Further, on July 17, 2026, the Court ordered CBP to reliquidate, without regard to IEEPA duties, all of Consolidated Plaintiffs' entries that had been liquidated for more than eighty (80) days and on which Consolidated Plaintiffs had deposited IEEPA duties. Order (July 17, 2026), ECF No. 51. The order states, in pertinent part:

> ORDERED that U.S. Customs and Border Protection shall reliquidate, without regard to IEEPA duties, any and all of Plaintiffs' entries that have been liquidated for more than 80 days and on which Plaintiffs made estimated deposits pursuant to IEEPA. For the purposes of this order, reliquidation of entries that have been liquidated for more than 80 days is subject to Plaintiffs' counsel's submission to U.S. Customs and Border Protection of Plaintiffs' importer of record identification number(s), in accordance with instructions to be provided by U.S. Customs and Border Protection and conveyed to Plaintiffs' counsel. Also, for the purposes of this order, reliquidation shall occur only following U.S. Customs and Border Protection's acceptance of Plaintiffs' CAPE declarations;

*Id*. at 4. Together, the April 17th and July 17th orders (collectively, the "IEEPA Refund Orders") require CBP to provide complete IEEPA refunds to Consolidated Plaintiffs.

### B. CAPE & CBP Rejections

In response to this Court's orders, CBP developed and launched the Consolidated Administration and Processing of Entries ("CAPE") platform in ACE to provide importers IEEPA refunds. CAPE is a voluntary mechanism intended to facilitate efficient implementation of court-ordered refunds. *See* Order at 1, *Euro-Notions Florida, Inc. v. United States*, No. 25-00595 (Apr. 14, 2026), ECF No. 19 (describing importers as "voluntarily using CAPE"). The Court's orders

govern the relief owed. However, CAPE continues to reject certain entries covered by the IEEPA Refund Orders that importers have no available means to cure. If CAPE cannot process all covered refunds, CBP must develop an alternative means of implementing the Court's orders for the remaining entries, rather than allowing the platform's technical limitations to impede full relief.

The following chart summarizes the categories of errors, identified in CBP's published guidance, that result in CAPE rejections of otherwise covered entries:

**Entry Validation Errors**

<table>
<tr><th colspan="2">Error message</th><th>Definition</th></tr>
<tr><td colspan="2">VALUE NOT ALLOWED ON HTS</td><td>A goods value amount greater than $0.00 on any chapter 99 HTS code is not permitted</td></tr>
<tr><td colspan="2">NO IEEPA HTS ON ENTRY</td><td>Entry must have at least one IEEPA HTS</td></tr>
<tr><td rowspan="2">HTS RELATIONSHIP/SEQUENCE MISMATCH [1]</td><td>HTS RELATIONSHIP MISMATCH</td><td>The line action date is not within the begin date and the end date of at least one HTS code on the entry</td></tr>
<tr><td>INVALID HTS</td><td>An HTS code designated as an add/replace/derived HTS code exists on the entry, but the corresponding HTS code has not been provided</td></tr>
</table>

Importers with entries subject to these CAPE error messages have paid IEEPA duties on the relevant entries. In many cases, CAPE rejects entries because of issues related to the formatting of the original entry documents. In other cases, the error messages are generated because the tariff schedule changed after the date of importation. In all cases, these error messages are not linked to issues with the amount of IEEPA duties Consolidated Plaintiffs paid or the required refund.

[1] CBP's Cargo Systems Messaging Service ("CSMS") notes that the error message has been broken out into two more specific error messages and the underlying validation has been narrowed to no longer exclude certain valid entries. *See* CSMS # 69056483, *Update to Entry-Level Validations for CAPE Declarations* (June 25, 2026).

The "INVALID HTS" error occurs when a tariff code on an entry is not valid for the line action date CAPE checks. For example, a code used when the entry was originally filed may since have expired and been replaced by a code with a new suffix. The tariff schedule is updated repeatedly, and individual tariff codes can be retired and replaced as those updates occur. Sometimes the replacement changes only the code's final digits, or "suffix." In 2025 alone, the U.S. International Trade Commission published 32 revisions to the Harmonized Tariff Schedule, in addition to the original 2025 Basic Edition. *See HTS Announcements*, U.S. Int'l Trade Comm'n, https://www.usitc.gov/harmonized_tariff_information/announcement_archive (chronicling the sequential publication of 32 distinct revisions to the HTSUS throughout calendar year 2025, spanning from 2025 HTS Revision 1 on February 7, 2025, through 2025 HTS Revision 32 on December 5, 2025). A HTS code's effective dates does not impact the amount of IEEPA tariffs that are required to be refunded.

An entry subject to the error code "VALUE NOT ALLOWED ON HTS" has a value reported on the Chapter 99 HTSUS line instead of on the primary classification. Additionally, the "HTS RELATIONSHIP MISMATCH" error occurs when an entry includes a tariff code that requires a corresponding, or companion, classification for duty calculation, but that required classification has not been provided. In all of these cases, there is no dispute that the IEEPA tariff was accurately paid.

However, CBP has not provided guidance on how importers will receive refunds in these scenarios. CBP's Cargo Systems Messaging Service ("CSMS") prescribes a single remedy for each of these errors: the importer must file a post-summary correction to add or replace the relevant tariff number and thereafter resubmit the entry on a new CAPE declaration. *See* CSMS # 69056483, *Update to Entry-Level Validations for CAPE Declarations* (June 25, 2026). However,

the majority of entries with IEEPA duties are well past the post-summary correction window. Moreover, under 28 U.S.C. § 1581(i), this Court has already ordered CBP to make importers whole under the IEEPA Refund Orders.

### C. Consolidated Plaintiffs Are Affected by These Rejections

The scale of the problem is significant: CBP reports that 6.2 million entries on CAPE declarations have failed entry-level validation. *See* Decl. of Brandon Lord ¶ 4, *Freestyle World, Inc. v. U.S. Customs & Border Protection*, No. 26-01088 (Oct. 6, 2026), ECF No. 58. Indeed, Consolidated Plaintiffs have had a significant portion of entries rejected due to each of the above-listed technical errors. Thousands of entries across multiple Consolidated Plaintiffs have been rejected under each of the error codes identified above.[2]

## II. Argument

### A. Good Cause Exists to Lift the Stay

Pursuant to Administrative Order 25-02, "[a]ny party seeking to lift the stay before the court does so *sua sponte* must provide good cause indicating why their case merits earlier consideration." Admin. Order 25-02 (Dec. 23, 2025); *see* Admin. Order 26-01 (July 13, 2026). Good cause exists here.

First, Consolidated Plaintiffs seek to have the Court address the manner in which its own orders are being carried out. This Court expressly ordered CBP to refund all IEEPA duties; the order entered in this action on April 17, 2026, provides: "Any liquidated entries for which liquidation is final shall be reliquidated without regard to the IEEPA duties."[3] Order (Apr. 17,

---

[2] Consolidated Plaintiffs are prepared to provide the Court with several examples of specific entries that are affected by these error codes. Consolidated Plaintiffs note that a protective order has not been entered in this matter but are prepared to move for one to file exemplar entry documents if necessary.

[3] The order entered on April 17 in this matter requires Customs to liquidate or reliquidate all applicable entries without regard to IEEPA duties. Order (Apr. 17, 2026), ECF No. 43. An appeal is pending challenging the universal application of the April 17 order beyond this matter. A subsequent order entered in this matter also entitles

2026), ECF No. 43. That relief aligns with the government's earlier commitments not to oppose court-ordered reliquidation, on which the Court relied in denying preliminary injunctive relief. *See* Def.'s Resp. in Opp'n to Mot. for a Prelim. Inj. at 3 (Dec. 11, 2025), ECF No. 25; *see also* Emergency Mot. to Lift the Court's Stay at 3 n.1 (Mar. 26, 2026), ECF No. 40 (noting that in May 2025 the government also stated it would "not object to the Court reliquidating any of plaintiffs' entries subject to IEEPA duties that are found to be unlawful"). CAPE implements that relief; it does not independently define its scope. Consolidated Plaintiffs therefore seek the Court's assistance to address entries that cannot satisfy CAPE's technical validations, including further implementation directions necessary to provide an alternative process for those entries.

Second, addressing these implementation barriers in this action promotes judicial efficiency. Covered entries are being rejected at CAPE validation, leaving the Court's ordered relief unimplemented. Resolving the common technical barriers within this existing § 1581(i) action would avoid duplicative proceedings over the implementation of relief already ordered and permit consistent treatment of similarly situated Consolidated Plaintiffs. Consolidated Plaintiffs therefore ask the Court to ensure that its refund implementation mechanism provides an effective means of obtaining complete relief. The Court possesses inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Third, lifting the stay is consistent with the Court's express invitation to plaintiffs requiring assistance in obtaining relief. In its July 17, 2026, Order, the Court stated: "Thus, the court is issuing an order rather than a judgment, so that Plaintiffs needing the court's assistance may, in

---

Consolidated Plaintiffs to refunds of IEEPA duties on all finally liquidated entries. Order at 4 (July 17, 2026), ECF No. 51. Consolidated Plaintiffs note that the July 17 order directs CBP to use CAPE as the sole mechanism for providing refunds for finally liquidated entries. However, the April 17 order contains no such limitation.

accordance with the applicable time periods in the USCIT Rules, move to lift the stay on their case and file a motion to reconsider this order or otherwise move." Order at 4 (July 17, 2026), ECF No. 51. This motion squarely falls within the Court's invitation to "otherwise move." Consolidated Plaintiffs seek assistance implementing relief, including further directions for entries CAPE cannot process, rather than reconsideration of their entitlement to refunds. The Court's decision to issue an order rather than a judgment preserved this opportunity to seek its assistance within the pending cases.

Finally, the Consolidated Plaintiffs note that resolving the CAPE error codes is the sole remaining obstacle to full recovery for most plaintiffs. Once these errors are corrected, a significant number of Consolidated Plaintiffs will receive their full refunds, allowing them to voluntarily dismiss their cases from the active docket.

**B. The Court Should Direct CBP to Comply with the IEEPA Refund Orders**

Consolidated Plaintiffs respectfully request that the Court lift the stay in this matter, address the issues raised herein, and direct CBP to provide complete refunds of all IEEPA duties deposited by Consolidated Plaintiffs, including with respect to entries rejected from CAPE. CAPE's technical limitations do not relieve CBP of its obligation to provide the refunds required by the Court's orders. CBP must process covered refunds that CAPE cannot accommodate through another appropriate mechanism.

Consolidated Plaintiffs further request that the Court schedule a status conference at its earliest convenience. Prompt consideration is warranted because CAPE's technical rejections are preventing implementation of the Court's existing refund orders, and the prescribed correction process is unavailable for many affected entries. While this issue remains pending, interest continues to accrue on the outstanding refunds, increasing the government's eventual payment

obligation. Consolidated Plaintiffs therefore seek the Court's prompt consideration in effectuating the relief already ordered in this § 1581(i) action.

Pursuant to USCIT R. 7(b), undersigned counsel for Consolidated Plaintiffs conferred with counsel for Defendants regarding this motion on October 30, 2026.

## III. Conclusion

For the reasons stated, Consolidated Plaintiffs respectfully request that the Court grant this motion to lift the stay and order CBP to provide complete refunds of all IEEPA duties deposited by Consolidated Plaintiffs, including through an alternative process for covered entries rejected from CAPE.

Respectfully submitted,

Dated: November 6, 2026

*/s/ Weronika Bukowski*
Daniel Cannistra
John Brew
Daniel W. Wolff
Aaron Marx
Valerie Ellis
Weronika Bukowski

CROWELL & MORING LLP
600 Fifth St. NW
Washington DC, 20001
Tel. (202) 624-2621

Two Manhattan West
375 9th Avenue
New York, NY 10001
wbukowski@crowell.com

*Counsel for Consolidated Plaintiffs*

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE**
**HONORABLE RICHARD K. EATON, SENIOR JUDGE**

| | |
|---|---|
| AGS COMPANY AUTOMOTIVE SOLUTIONS, *et al*.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA,<br><br>Defendants. | Consol. Court No. 25-00255 |

**[PROPOSED] ORDER**

Upon consideration of Consolidated Plaintiffs' Motion to Lift Stay and to Enforce the Court's Orders, any opposition or response filed thereto, and all other papers and proceedings herein, and for good cause shown, it is hereby

**ORDERED** that the motion is GRANTED; and it is further

**ORDERED** that the stay in this consolidated action is lifted; and it is further

**ORDERED** that U.S. Customs and Border Protection shall provide complete refunds of all IEEPA duties deposited by Consolidated Plaintiffs, including with respect to covered entries

rejected from CAPE. For covered entries that CAPE cannot accommodate, CBP shall develop and implement an alternative refund process.

Dated: ____________________________ ____________________________
New York, New York JUDGE